BAKER & McKENZIE LLP
Attorneys for Defendants
James David Jacobs (JJ-7351)
Vasilis F.L. Pappas (VP-4281)
1114 Avenue of the Americas
New York, NY 10036
(212) 626-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPANSKI ENTERPRISES, INC. and POLTEL INTERNATIONAL L.L.C., <br><br> Plaintiffs, <br><br> -against- <br><br> TELEWIZJA POLSKA S.A., ANNA MILEWSKA, KRZYSZTOF SZTANDERA, MARCIN BOCHENEK, JOHN DOES 1-10, <br><br> Defendants. | 07 Civ. 930 (GEL) <br><br> DECLARATION OF VASILIS F.L. PAPPAS IN RESPONSE TO DECLARATION OF CHRISTIAN D. CARBONE |

I, VASILIS F.L. PAPPAS, hereby declare as follows:

1. I am associated with Baker & McKenzie LLP, counsel for defendants in this matter. The facts stated herein are true to my knowledge, except the matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

2. I submit this declaration in response to the Declaration of Christian D. Carbone in Further Support of Plaintiffs' Motion for Preliminary Injunction, dated March 29, 2007 (the "Carbone Decl.").

3. Mr. Carbone alleged that defendants have withheld production of certain documents he claims to be "highly-relevant and responsive documents [that have] prejudiced plaintiffs' ability to present all of the relevant evidence pertaining to the motion for a preliminary anti-suit injunction … ." Carbone Decl., ¶ 10. Mr. Carbone

further alleged that defendants have withheld these documents "because their disclosure would prejudice TVP's position in their dispute with plaintiffs." Carbone Decl., ¶ 9.

4. Both of Mr. Carbone's allegations are false. Defendants contend that the documents plaintiffs seek are irrelevant to the pending motions before the Court, and the production of which is not required by the Court's Order of March 15, 2007. Most importantly, defendants have offered to produce the documents plaintiffs seek, albeit under conditions of confidentiality that protect defendants' rights.

5. The dispute in this litigation concerns dispute resolution provisions in two agreements executed by defendant Telewizja Polska, S.A. ("TVP") and plaintiff Spanski Enterprises, Inc. ("SEI"). On December 14, 1994, SEI and TVP entered into a license agreement (the "License Agreement") which contained an agreement to arbitrate at § 11.2 stating that "[a]ny disputes resulting from this Agreement will be handled by the Court of Arbitration at the Polish Chamber of Commerce in Warsaw in accordance with its rules of procedure." On April 29, 2002, TVP and SEI executed an addendum to the License Agreement (the "Second Addendum") which states at § 8 that "all disputes will be regulated by the Federal Court in New York City."

6. On October 26, 2006, TVP commenced a foreign arbitration against plaintiffs in Warsaw, Poland, pursuant to the agreement to arbitrate in the License Agreement (the "Warsaw Arbitration"). On February 8, 2007, plaintiffs moved to preliminarily enjoin TVP from proceeding with or participating in the Warsaw Arbitration. They argued that the forum selection clause in the Second Addendum superseded or revoked the agreement to arbitrate in the License Agreement. Plaintiffs also moved to preliminarily enjoin TVP's purported infringement of SEI's copyrights.

On March 19, 2007, TVP cross-moved to compel arbitration and stay the instant proceedings pending arbitration.

7. On February 9, 2007, the Court scheduled a hearing for April 9, 2007 on plaintiffs' motion to preliminarily enjoin the Arbitration. On February 16, 2007, plaintiffs served their first request for the production of documents on defendants.

8. On March 15, 2007, the Court ordered that discovery should be limited to discovery relating to plaintiffs' motion to preliminarily enjoin the Warsaw Arbitration, staying discovery on plaintiffs' copyright claims. A true and correct copy of the Court's Order of March 15, 2007 is annexed hereto as Exhibit A.

9. On March 19, 2007, defendants timely served their written responses to plaintiffs' first request for the production of documents. A true and correct copy of defendants' written responses are annexed hereto as Exhibit B. Defendants objected to plaintiffs' document requests to the extent that they sought information related to issues beyond the scope of discovery permitted by the Court's Order of March 15, 2007. Defendants also objected to the requests to the extent that they sought confidential or proprietary information. Nevertheless, defendants agreed to produce responsive, non-privileged documents relating to the arbitrability of the parties' dispute pursuant to an appropriate protective order.

10. On March 26, 2007, defendants produced all documents in their custody or control relating to the arbitrability of the parties' dispute, *i.e.*, all documents in their custody or control relating to the negotiation and interpretation of the choice of forum provision in the Second Addendum. In other words, defendants produced every

document in their custody or control that mentioned or even implicitly referred to the forum selection clause in the Second Addendum.

11. On March 27, 2007, counsel for the parties held a conference call in which plaintiffs' counsel objected to defendants' document production of March 26, 2007 and insisted on the production of documents unrelated to the arbitrability of the parties' dispute. Specifically, plaintiffs' counsel requested any and all documents in defendants' custody or control generally relating to the negotiation of the Second Addendum.

12. Defendants' counsel responded that all relevant and responsive documents permitted by the Court's Order of March 15, 2007 had been produced, and defendants had no other relevant or responsive documents in their custody or control. Defendants' counsel explained that the documents generally relating to the negotiation of the Second Addendum were irrelevant: the issue for the Court to determine in the pending motions is whether or not the forum selection clause in the Second Addendum supersedes or revokes the arbitration clause in the License Agreement. Moreover, defendants stated that for purposes of the pending motions defendants do not question the enforceability of the Second Addendum. Defendants' counsel added that documents relating generally to the negotiation of the Second Addendum -- which encompasses many issues apart from forum selection -- are thus not relevant to the pending motions

13. Nevertheless, defendants' counsel volunteered to produce all documents generally relating to the negotiation of the Second Addendum. However, since the documents were irrelevant to the pending motions and defendants feared that plaintiffs' true purpose was to obtain the documents to use them in the Warsaw Arbitration, where the documents would likely not otherwise be available to plaintiffs, defendants

conditioned their production on plaintiffs' agreement that the documents be "Attorneys-Eyes-Only," that they not be provided to plaintiffs' Polish counsel litigating the Arbitration, and that they be used for purposes of the pending motions only.

14.   Plaintiffs rejected these conditions, and insisted that the discovery dispute be determined by the Court pursuant to the Court's Individual Practices 2(F). On March 27, 2007, plaintiffs sent to defendants a first draft of a jointly composed letter to submit the discovery dispute to the Court. A true and correct copy of plaintiffs' first draft of the jointly composed letter is annexed hereto as Exhibit C. On March 28, 2007, defendants sent to plaintiffs a revised draft of the jointly composed letter. A true and correct copy of defendants' revised draft of the jointly composed letter is annexed hereto as Exhibit D. On March 30, 2007, after two days without word from plaintiffs regarding the joint letter, defendants wrote to plaintiffs to inquire about the status of the joint letter, and again offered to produce all documents generally relating to the Second Addendum on the conditions set forth in ¶ 13 above. A true and correct copy of defendants letter of March 30, 2007 is annexed hereto as Exhibit E.

15.   On the same date, plaintiffs responded that they still refused to accept the documents generally relating to the negotiation of the Second Addendum on the conditions set forth in ¶ 13 above, and assured defendants that they would revise the joint letter by no later than April 2, 2007. A true and correct copy of plaintiffs' letter of March 30, 2007 is annexed hereto as Exhibit F.

16.   To date, April 5, 2007, defendants have yet to receive a revised joint letter from plaintiffs relating to plaintiffs' purported effort to seek documents generally relating to the Second Addendum.

- 6 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of April, 2007.

_____
Vasilis F.L. Pappas

NYCDMS/1039224.4