UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------- X

SPANSKI ENTERPRISES, INC. and
POLTEL INTERNATIONAL L.L.C.,

    Plaintiffs and Counterclaim Defendants,

        -against-

TELEWIZJA POLSKA, S.A., ANNA
MILEWSKA, KRZYSZTOF SZTANDERA,
MARCIN BOCHENEK, JOHN DOES 1-10,

    Defendants and Counterclaim Plaintiffs,

        -against-

TELEWIZJA POLSKA U.S.A. INC.,
TELEWIZJA POLSKA CANADA INC. and
BOGUSLAW M. SPANSKI,

    Counterclaim Defendants.


----------------------------------------------------- X

Civil Action No.
07 CIV 930 (GEL)


**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF INFORMATION**
**THAT HAS BEEN REDACTED FROM DEFENDANT TELEWIZJA POLSKA, S.A.'S**
**DOCUMENT PRODUCTION**

LOEB & LOEB LLP
Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
John A. Piskora (JP-1224)
345 Park Avenue
New York, New York 10154-1895
Tel No: 212-407-4000
Fax No: 212-407-4990

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

BRIEF STATEMENT OF RELEVANT FACTS ............................................................ 2

ARGUMENT ................................................................................................................... 4

I.      The Polish Act on Personal Data Protection is Not Applicable Here ........................... 4

II.     Foreign Confidentiality Laws Do Not Preclude The Production of Relevant
Documents and Information in Connection With a United States Action ............................... 6

      A.      The United States has a Greater Interest in Having Its Laws Applied ............ 7

      B.      Producing Unredacted Documents would not Impose a Hardship on
TVP     8

      C.      The Information Requested is Vital to Plaintiffs' Ability to Conduct
Discovery and Prepare for Trial ............................................................................ 9

      D.      TVP has not Acted in Good Faith ................................................................. 10

CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**                                                    **PAGE(S)**

First American Corp. v. Price Waterhouse LLP,
  154 F.3d 16 (2d Cir. 1998)...................................................................... 6-7, 11

In Re Grand Jury Subpoena,
  218 F. Supp. 2d 544 ......................................................................................8

In re Vivendi Universal, S.A. Securities Litigation,
  2006 U.S. Dist. Lexis 85211 (S.D.N.Y. November 16, 2006) ............................... 7-8

Lyondell-Citgo Refining, LP,
  2004 U.S. Dist. LEXIS 23581at *9-10 (S.D.N.Y. 2004).....................................9

Societe Nationale Industrielle Aerospatiale v. United States District Court for the
  Southern District of Iowa,
  482 U.S. 522 (1987)........................................................................................10

U.S. v. Davis,
  767 F.2d 1025 (2d Cir. 1985).........................................................................6

**OTHER AUTHORITIES**

Rules 26 and 37 of the Federal Rules of Civil Procedure..................................................1

Rules 29 and 33 of the Federal Rules of Civil Procedure..................................................1

Plaintiffs Spanski Enterprises, Inc. ("SEI") and Poltel International L.L.C. ("Poltel") (collectively, "Plaintiffs"), respectfully submit this memorandum of law pursuant to Rules 29 and 33 of the Federal Rules of Civil Procedure, in support of their motion to compel the production of relevant documents in unredacted form from defendant Telewizja Polska, S.A.'s ("TVP"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs SEI and Poltel initiated the current action for, among other things, copyright infringement in regard to certain Polish-language television programming content exclusively licensed by TVP to SEI for distribution in North and South America. TVP counterclaimed and initiated third-party claims for breach of contract, fraud, and copyright and trademark infringement. Following SEI's service of initial document requests, TVP produced concededly responsive materials – but in redacted form. The documents are almost exclusively internal corporate documents of TVP, such as minutes of meetings, memorandum and emails, which deal with the relationship between TVP and SEI.

TVP has redacted the names of all of its directors and employees form these documents, claiming that it is forbidden under the Polish Data Protection Act ("DPL") for TVP to produce the names of Polish citizens. TVP continues to assert this position notwithstanding that the redactions in its document production were inconsistent and selective, that the information redacted was solely the names of certain persons acting in their corporate capacities (without any other personal information connected to these names), that TVP publishes (via the Internet) the names, business telephone numbers and e-mail addresses of many of these very

same employees, and that certain of the materials redacted were communications sent to third-parties in the United States.

TVP's concealment of relevant information precludes Plaintiffs from identifying relevant witnesses, and gravely prejudices Plaintiffs' ability to conduct discovery and prepare for trial, including, but not limited to, defending against the counterclaims that TVP chose to assert in this Court.   As set forth below, the DPL does not apply here such to preclude the production of documents in unredacted form.   Even if the DPL was held applicable – which it is not – it is well established that a foreign privacy law does not preclude the production of unredacted documents in connection with a United States action.   Accordingly, Plaintiffs' motion to compel should be granted.

## BRIEF STATEMENT OF RELEVANT FACTS

In this action Plaintiffs claim that TVP has breached the parties' agreement and infringed their exclusive copyright interest as to the broadcast of certain Polish-language television programming content in North and South America.   TVP voluntarily counterclaimed that Plaintiffs have breached the parties' agreement by, *inter alia,* impermissibly re-broadcasting the programming content, and/or offering such content for viewing upon consumer demand. TVP has also initiated third-party claims for fraud, as well as copyright and trademark infringement.   Trial of this matter is scheduled to commence on October 9, 2007.

The parties have been pursuing discovery and are currently engaged in the production of relevant documents.   In response to SEI's document requests, TVP has redacted the names of all of its employees who authored or are mentioned within certain of the documents it produced.   The redactions even include the names of the individual defendants in this lawsuit,

so it is impossible to discern from the documents produced what each of these defendants did in connection with the alleged infringing acts by TVP.   The redacted documents produced include agreements, letters, internal memoranda, and emails relevant to the claims and defenses asserted in the action. There is no personal data contained in these documents associated with the names. For example, there are no home addresses, telephone numbers, identification numbers or any other information about these people--only their names as they appear in official TVP corporate documents.

TVP has taken the position that it is required to redact the individuals names pursuant to the DPL. As a result, virtually all of the documents produced by TVP are filled with redactions and Plaintiffs are wholly unable to ascertain, among other things, who authored the documents, who received the documents, or the identity of any individuals discussed or mentioned in the documents.   A small sample of the thousands of documents containing TVP's redactions, together with certified translations, are attached as Exhibit A to the Declaration of John Piskora ("Piskora Declaration").

Plaintiffs have made numerous attempts to resolve the current discovery dispute. At a hearing before Judge Gerard E. Lynch on May 16, 2007, Plaintiffs' counsel raised the issue of the document redactions and Judge Lynch requested that the parties attempt to resolve the problem in Poland.   Pursuant to that request, Plaintiffs' counsel in Warsaw has contacted TVP's counsel in Warsaw (the Warsaw office of Baker & McKenzie) on numerous occasions and offered to create a procedure whereby the unredacted documents could be produced to Plaintiffs' counsel in Poland.   TVP's counsel in Warsaw has declined to respond to these offers, merely saying that their client would consider it.

Because Plaintiffs remain severely prejudiced in their ability to identify relevant witnesses, to conduct further discovery, and to prepare their claims and defenses for trial, this motion followed.

## ARGUMENT

### I.     The Polish Act on Personal Data Protection is Not Applicable Here

TVP has redacted the names of all of its employees in the documents it has produced claiming that the DPL precludes its production of such information.  The DPL, however, does not so prohibit TVP from producing documents containing such information in connection with this action. An English version of the DPL is attached as Exhibit 1 to the Declaration of Tomasz Brudkowski ("Brudkowski Declaration").[1]

It is well settled that the DPL does not prohibit the disclosure of publicly available information. See Brudkowski Declaration ¶¶ 19-21. The National Polish Register, which is publicly available, contains information about joint-stock companies (TVP is a joint-stock company) management boards and proxies, as well as information regarding the members of joint stock companies supervisory boards.  See Brudkowski Declaration ¶ 19.  The data regarding TVP's employees not reflected in the National Register may also be transferred to the United States because according to the Polish Personal Data Authority's ("GIODO") practice and the Polish Supreme Court, information concerning the names and the official email addresses or phone numbers of employees are strictly connected to the employees professional obligations and the employer has the right to make this information publicly available.  See Brudkowski Declaration ¶ 20.

---

[1] Tomasz Brudkowski is Plaintiffs' counsel in Warsaw.   Mr. Brudkowski prepared this declaration with Mr. Daniel Wieszczycki, an expert in Polish privacy law, who also signed the declaration.

In addition, TVP currently posts the names, positions and contact information for various employees on its website.   Thus, this information is publicly available and the redaction of this information is not required by the DPL.   TVP's website, listing its employees and their positions, among other information, is attached as Exhibit B to the Piskora Declaration.

TVP has also redacted the names of various corporations. Article 6, Section 1 of the DPL defines personal data as any information that concerns an identified or identifiable natural person. See Brudkowski Declaration ¶ 9.   An identifiable natural person is defined by the DPL as one whose identity can be determined directly or indirectly through reference to an identification number or specific physical, social or economic characteristics. Id.   Thus, the DPL only pertains to individuals, and TVP's redaction of information regarding entities referred to in the documents is not justified by the DPL.   Id.

Independently, Article 47 of the DPL expressly provides for the transfer of personal data to a third country "if the transfer is necessary or required by reasons of public interests or for the establishment of legal claims."   See Exhibit 1 to the Brudkowski Declaration. The exceptions set forth in Article 47 are wholly applicable here.

According to commentary on the DPL, international exchange of personal data to the tax or custom offices in a third country, as well as for social security purposes and money laundering counteractions, would be permitted under the public interest exception.   See Brudkowski Declaration ¶ 14.   Similarly, the public interest exception would also apply to the transfer of the information contained in TVP's documents because the names of the employees and directors referenced in the documents are necessary for the court to determine the validity of the parties' claims.   See Brudkowski Declaration ¶ 15.   Without the names of the authors,

addressees and any individuals referenced in the documents, it will be difficult for the court to properly assess the legal implications of various statements and correspondences contained in the documents, as well as the validity of the parties' claims, especially those related to the parties' agreement.

Independently, the names of the individuals contained in the documents are also necessary for the establishment of Plaintiffs' legal claims and to defend against TVP's counterclaims.   See  Brudkowski  Declaration  ¶¶   16-17.   For  example,  without  this information, Plaintiffs are unable to ascertain which TVP employees have relevant information and which individuals should be deposed.

For the foregoing reasons, the DPL does not prohibit TVP from disclosing any of the redacted information, accordingly, Plaintiffs' motion to compel unredacted copies of these documents should be granted for this reason alone.

## II.   Foreign Confidentiality Laws Do Not Preclude The Production of Relevant Documents and Information in Connection With a United States Action

Even if the DPL were applicable – which it is not – this Court nonetheless can and should direct TVP to produce unredacted documents.   See, e.g., First American Corp. v. Price Waterhouse LLP, 154 F.3d 16 (2d Cir. 1998) (ordering disclosure of documents despite British confidentiality laws); U.S. v. Davis, 767 F.2d 1025 (2d Cir. 1985) (holding that the district court properly ordered the defendant to produce certain documents even though production of those documents was in violation of laws of the Cayman Islands).

In deciding whether to compel foreign entities to comply with discovery requests prohibited by foreign law, courts must determine whether comity requires deference to the

foreign law.  First American Corp., 154 F.3d 16, 22 (2d. Cir. 1998).   In making this determination, courts examine four factors: 1) "the competing interest of the nations whose laws are in conflict;" 2) "the hardship that compliance would impose on the party or witness from whom discovery is sought;" 3) "the importance to the litigation of the information and documents requested;" and 4) "the good faith of the party resisting discovery." Id.[2]

### A.      The United States has a Greater Interest in Having Its Laws Applied

As discussed in detail in Point I, the DPL does not prohibit TVP from producing documents containing this information. Therefore, the laws of the United States and Poland are not in conflict.   Further, Judge Lynch has already held that pursuant to the parties' agreement, this action is to be governed by the laws of the United States, not Poland, including its discovery procedures.  Spanski Enterprises, et al. v. Telewizja Polska, S.A., et al., 07 CV 930 (GEL) (S.D.N.Y. April 23, 2007).

Even if the DPL was somehow applicable here, the United States has a greater interest in having its law applied because TVP agreed that the parties' agreement would be governed by the laws of the United States and disputes resolved in the United States pursuant to U.S. law before the courts of the Southern District of New York.   TVP voluntarily brought counterclaims and third party claims here, thus voluntarily invoking the jurisdiction and procedures of the United States courts and laws.   The current discovery dispute accordingly should not be determined by a Polish entity which does not even have jurisdiction over the parties.   To condone such a procedure would be to allow TVP to simultaneously invoke U.S. law as a sword and Polish law as a shield.

---

[2] This is merely a balancing test and Plaintiffs only need to show that the factors taken together favor the application of discovery provisions of the Federal Rules of Civil Procedure.   In re Vivendi Universal, S.A. Securities Litigation, 2006 U.S. Dist. Lexis 85211 (S.D.N.Y. November 16, 2006).

Under these circumstances, "[t]he United States has an obvious interest in the application of its procedural rules to discovery and in ensuring that Plaintiffs have access to discoverable information." In re Vivendi Universal, S.A. Securities Litigation, 2006 U.S. Dist. LEXIS 85211 at *13 (S.D.N.Y. November 16, 2006). Without this information, Plaintiffs' ability to conduct discovery is severely and unjustly limited.

By comparison, the interests of Poland in protecting the privacy of its citizens is not harmed here.   The parties have agreed to a stipulated protective order, which, among other things, guarantees the privacy of these individuals.   For example, the parties have agreed that the information shall not be used for any purpose other than for this litigation and shall be kept confidential.

**B.**    **Producing Unredacted Documents would not Impose a Hardship on TVP**

In the joint letter to the court, dated July 5, 2007, TVP argued that if they were to provide unredacted copies of the documents, its officers and directors would be subject to criminal penalties in Poland.   The possibility of criminal penalties, however, is not sufficiently strong to impede the production of the documents in question. Lyondell-Citgo Refining, LP, 2004 U.S. Dist. LEXIS 23581at *9-10 (S.D.N.Y. 2004); In Re Grand Jury Subpoena, 218 F. Supp. 2d 544, 554 (stating that the possibility of civil or criminal sanctions will not necessarily prevent enforcement of a subpoena directed to a foreign national).   Even if the DPL applied, TVP's concern about possible prosecution is merely speculative because, pursuant to the DPL, TVP can disclose the identities of the individuals upon consent from said individuals, which there is no indication that TVP has sought, or it can seek permission from GIODO to release the names, which TVP has not done for the last three months, preferring to stonewall instead.

Further, not only has TVP contractually agreed to subject itself to jurisdiction in the Courts of the United States, but it has availed itself of the Court's processes by asserting counterclaims and third party claims, and conducting discovery. Allowing TVP to use foreign law to shield itself from discovery would frustrate discovery and provide TVP with an unfair advantage over Plaintiffs and Third Party Defendants. Lyondell-Citgo Refining, LP, 2004 U.S. Dist. LEXIS 23581 at * 10 (S.D.N.Y. 2004).

**C.**    **The Information Requested is Vital to Plaintiffs' Ability to Conduct Discovery and Prepare for Trial**

As TVP has produced the documents in question, there can be no dispute that the materials are relevant to the claims and defenses raised in this litigation.   TVP's concealment of certain information gravely prejudices Plaintiffs' ability to conduct discovery and prepare for the trial of this matter.   Unless, these unredacted documents are produced immediately, Plaintiffs will be irreparably prejudiced in this litigation because the trial in this matter is in October, and there is less than three months left to complete discovery.   TVP has even redacted the names of the individual defendants, making it impossible to discern from the documents their role in regard to the alleged infringing acts.

The names connected with these documents are required in order for Plaintiffs to know who to attempt to depose in Poland.   The only way for Plaintiffs to depose Polish nationals, pursuant to Polish law, is by following the procedures outlined in the Hague Convention, which includes submitting a Letter of Request to the Polish Authority, a process that typically takes several months to complete.

Although Judge Lynch did not rule on this issue, he has already acknowledged the importance of the information contained in the documents, stating "there are all sorts of ways

that the plaintiff is going to be entitled to get that information and there are a lot of ways in which the Plaintiff is going to be entitled to something like complete copies of these documents. And, of course, if there's some foreign law that prevents the defendant from doing that or some reason why the defendant doesn't want to do that, there might well be consequences as to inferences that will be drawn or sanctions that have to be made in the discovery process." Transcript of Record, <u>Spanski Enterprises, et al. v. Telewizja Polska, S.A., et al.</u>, at 21,   07 CV 930 (GEL) (S.D.N.Y. May 16, 2007).   A copy of the Transcript of Record is attached as Exhibit C to the Piskora Declaration.

### D.     <u>TVP has not Acted in Good Faith</u>

TVP has not made a good faith effort to comply with SEI's discovery demands in accordance with the applicable rules of civil procedure.   "Bad faith delays and dilatory tactics will weigh against the objecting party."   <u>Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa</u>, 482 U.S. 522, 531 (1987). Plaintiffs have attempted to resolve this issue for a number of months, when TVP first alerted Plaintiffs that they would be redacting the names of the individuals identified in the various documents.   At that time and on numerous occasion thereafter, Plaintiffs' counsel in Warsaw contacted TVP's counsel in Warsaw and offered to create a procedure whereby the unredacted documents could be produced to Plaintiffs' counsel in Poland.   TVP's counsel in Warsaw had declined to respond to these offers, merely stating that TVP was considering it, until early July.

It was only after Plaintiffs insisted that a joint letter be submitted to the court, that TVP, for the first time, said it would apply to GIODO for an "exemption."   TVP could have done this at any time in the last three months.   Even now, as of the date of submission of this brief, TVP has not supplied Plaintiffs with any evidence or representation that it has actually

made an application to GIODO.   There is, of course, no evidence that TVP sought the

permission of the individuals whose names were redacted (TVP's present and former employees)

such that it could produce unredacted copies of the relevant documents.   This shows an extreme

lack of good faith by TVP.

Because the interests of comity do not require deference to Polish confidentiality

laws here, Plaintiffs' motion to compel should be granted.   See First American Corp., 154 F.3d

16, 22 (2d. Cir. 1998).

## CONCLUSION

For the foregoing reasons, Plaintiffs Spanski Enterprises, Inc. and Poltel

International L.L.C. respectfully request that the court issue an Order directing TVP to

immediately provide Plaintiffs with documents in unredacted form.

Dated: July 19, 2007
          New York, New York


                              LOEB & LOEB LLP



                              By: _____
                                    Jonathan Zavin (JZ-1846)
                                    Christian D. Carbone (CC-6502)
                                    John A. Piskora (JP-1224))
                                    345 Park Avenue
                                    New York, New York 10154-0037
                                    212-407-4000

                                    *Attorneys for Plaintiffs*