Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
John A. Piskora (JAP-1224)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
212-407-4000

Attorneys for Plaintiffs
and Third Party Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SPANSKI ENTERPRISES, INC. and                                :
POLTEL INTERNATIONAL L.L.C.,                                 :
                                                             :
                        Plaintiffs,                          :
                                                             :
            -against-                                        :
                                                             :   07 Civ 930 (GEL) (GWG)
TELEWIZJA POLSKA S.A., ANNA                                  :
MILEWSKA, KRZYSZTOF SZTANDERA,                               :   DECLARATION OF TOMASZ
MARCIN BOCHENEK, JOHN DOES 1-10,                             :   BRUDKOWSKI IN SUPPORT OF
                                                                 PLAINTIFFS' MOTION TO COMPEL
                        Defendants,                          :
                                                             :
TELEWIZJA POLSKA U.S.A. INC.,                                :
TELEWIZJA POLSKA CANADA INC. and                             :
BOGUSLAW M. SPANSKI,                                         :
                                                             :
                        Third Party Defendants.              :
------------------------------------------------------------ X

I, TOMASZ BRUDKOWSKI, hereby declare as follows:

1.    I am a member of Kochanski Brudkowski and Partners, Warsaw counsel for plaintiffs Spanski Enterprises, Inc. and Poltel International L.L.C. in this action. I have personal knowledge of the matters set forth herein and respectfully submit this declaration in support of plaintiffs' motion, to compel the production of information that has been redacted from defendant Telewizja Polska, S.A.'s ("TVP") document production.

NY667528.1
209881-10003



2.	I have graduated from the law faculty at the Cracow Jagiellonian University in 1993 and become a member of the Bar in 1997. Today, I coordinate the litigation, IP and general commercial practices of Kochanski Brudkowski and Partners where I have been a senior partner since 2000. Kochanski Brudkowski and Partners was founded in 1999 by Mr. Piotr Kochanski, a former partner at the Warsaw offices of Hogan & Hartson and White & Case. During my professional career I have assisted many international clients including large US corporations such as Intel Corp. and Google Inc. which continue to be our existing clients. Many international publications have listed myself among the prominent Polish lawyers, including the very recent list titled "Which Lawyer" and published every year by the Practical Law Company, where I was mentioned among the best IP law practitioners in Poland.

3.	I have prepared the report with the assistance of Mr. Daniel Wieszczycki. Mr. Wieszczycki is a lawyer and privacy law expert. He holds L.L.M. from the Warsaw University School of Law and have completed the Internet Law postgraduate studies at the Jagiellonian University. During 1998-2000 he was an inspector at the Polish Personal Data Protection Authority where he gained significant practical experience in the law on personal data protection. Between 2000 and 2004 he worked as a lawyer at White & Case Warsaw offices. Today, Mr. Wieszczycki holds his own practice advising various clients and assisting many law firms in the privacy law matters.

4.	For the sake of this proceeding TVP has produced some documents, including agreements, letters or e-mails, where it has redacted names (and some other information) of individuals who authored or are mentioned within those documents.



5.  We were requested to review the issue of redaction of names and advise if the reduction was required by the Polish law, and specifically the Polish Act on Personal Data Protection of August 29, 1997 (the "**DPL**"). A copy of an English translation of the DPL is attached hereto as Exhibit 1.

6.  As set forth below, in our opinion the DPL does not prohibit TVP from disclosing this information and, accordingly, plaintiffs' motion to compel should be granted. First, the DPL applies only to specified data contained in a data processing system, not to a name found in individual documents. Second, it does not, in any sense, apply to data concerning corporations or other entities (which is the information that the defendants have also redacted). Third, even where the DPL does apply, it expressly provides that the disclosure of protected information may be disclosed if it meets any one of three separate criteria: it is required by the public interest, it is in the pursuit of legal claims, or where the data at issue is publicly available. The release of the data in this instance meets those criteria; it is clearly in the public interest, it is pursuit of legal claims, and most of the data has been publicly available.

## The Polish Act on Personal Data Protection of August 29, 2007

7.  Processing of personal data in Poland is addressed by the DPL. The DPL was adopted in Poland as a result of the implementation of the 1995 European Union Personal Data Protection Directive 95/46/EC (the "**Directive**").

8.  The DPL provides for the principles of personal data processing, specifies the rights and obligations of authorities, institutions and persons operating personal data processing

NY667528.1
209881-10003

3



systems as well as the rights of the individuals with respect to his/her private life. The entities processing personal data are obliged to protect data against their unauthorised disclosure, change, loss, damage or destruction. The obligations related to the protection of data are specified in chapter 5 of the DPL as well as in the Regulation by the Minister of Internal Affairs and Administration of 29 April 2004 as regards personal data processing documentation and technical and organisational conditions which should be fulfilled by devices and computer systems used for the personal data processing. The DPL addresses the principles of disclosing data. The main principle is that processing of personal data is dependent on the data subject's consent. Article 23 section 1 of the DPL lists exceptions to this principle and those exceptions include a situation where the processing "is necessary for the performance of tasks provided for by law and carried out in the public interest". Data can be also used in case where it is necessary for the purpose of exercise of rights and duties resulting from a legal provision, it is necessary for the performance of a contract to which the data subject is a party, for public interest, as well as where it is necessary for the purpose of the legitimate interests pursued by the data operators. There is a category of so called sensitive data which the DPL offers higher level of protection. The sensitive data include: data revealing racial or ethnic origin, political opinions, religious or philosophical beliefs, religious, party or trade-union membership, health records, genetic code, addictions or sexual life, data relating to convictions, decisions on penalty, fines and other decisions issued in court or administrative proceedings. Since 1 May 2004, that is since the day of Poland's accession to the European Union, the transfer of data between Poland and European Union Member States is subject to the same principles as in the territory of Poland, whereas the provisions on data transfer outside the territory of the European Economic Area are provided for



in chapter 7 of the DPL, pursuant to which the transfer of personal data to a third country is subject to specific requirements or depends on a prior consent of the authority.

### The DPL Does Not Apply to Information Regarding Companies or Other Entities

9. Under the DPL, personal data is considered to be any information that concerns an identified or identifiable natural person (an individual) (Article 6 section 1 of the DPL). An identifiable natural person is one whose identity can be determined directly or indirectly through reference to an identification number or specific physical, social or economic characteristics (Article 6 section 2 of the DPL). *A contrario*, data concerning entities that are not natural persons (i.e. legal entities, companies, corporations, as well as individual entrepreneurs) does not fall within the regulation of the DPL. Thus, the Defendant's redaction of information regarding entities referred to in the documentation provided to the Plaintiff is not justified under the DPL. The DPL shall not apply to such information.

### The DPL Permits Disclosure of Personal Information in the Public Interest or in Pursuit of Legal Claims

10. Personal data may be freely transferred to the countries that are members of European Economic Area. Where the data are to be transferred to a country that is not a member of the European Union, such recipient country has to offer personal data protection guarantees at least equal to those offered by Poland. However, personal data may be transferred to countries not providing the adequate protection when certain other requirements are fulfilled.

Transferring personal data abroad in violation of this requirement may lead to a fine, restriction of freedom or imprisonment for up to two years.

11. According to EU authorities, the level of protection of personal data in the United States is not adequate to this in EU. Thus, in order to transfer personal data to the United States, specific requirements need to be fulfilled. Under the DPL, personal data may be transferred to the United States if:

a) the transfer is necessary or required by reasons of public interests or in the pursuit of legal claims, or

b) the transfer relates to data which are publicly available.

12. While the transfer of personal data to the United States is permitted without any additional requirements if the recipient entity has been certified under the Safe Harbor Principles adopted by the European Commission and the U.S. Department of Commerce or the exporter obtains the prior consent of the Polish Personal Data Protection Authority ("**GIODO**"), no such consent from GIODO is needed if the transfer of data by the Defendant is covered by the exceptions listed above under the points a) or b).

13. Under the DPL, the transfer of personal data to the United States is possible if such transfer is necessary or required by reasons of <u>public interest</u> or in <u>pursuit of legal claims</u>.

14. According to the most renowned commentary to the DPL ("The commentary to the personal data protection act", J. Barta, P. Fajgielski, R. Markiewicz – published by Zakamycze in 2004, page 726), international exchange of the personal data between the tax or custom offices may be considered as the public interests. Moreover, the



commentators mention the exchange necessary for social security purposes as well as required for money laundering counteraction.

15.  In our opinion, analogically to the above mentioned situations, the possibility of the Judge to review the Plaintiff's legal claims would also be considered "public interest". It is clearly in public interest to allow the Judge to proceed with the case and enable claims to be resolved, thus the transfer of personal data to United States, as necessary for the public interest, should not be considered breach of the DPL.

16.  The disclosure of the personal data by TVP to the Plaintiffs as well as to the Judge is necessary for the sake of proceeding with legal claims, both Plaintiff's proof of their claims and Plaintiffs' defense of TVP's counterclaims. In order to allow international exchange of personal data, according to the Directive, on which the DPL is based and which should be followed by the DPL in Poland, the data may be transferred to United States if such a transfer "is necessary in connection with legal claim" (see point 57 of the Preamble to the Directive).

17.  In this case, the disclosure of the names contained in the documentation produced by TVP is necessary, among other things, to review the validity of contracts and determine legal consequences of the statements, correspondence and other various documents exchanged between the TVP and the Plaintiffs. Without knowing names of the authors or addressees of those documents, the proper assessment of the legal implications is not possible, as for example, the Judge will not be able to ascertain if a person signing the contract was authorized to undertake the contractual obligation on behalf of a party to the contract, or who in the company was taking what positions at what time.



18. Since the disclosure of the names contained in TVP's documents is necessary for Plaintiff to both present its claims and in defense of TVP's counterclaims, the disclosure by Defendant is permitted by the DPL.

**The DPL Does Not Prohibit the Disclosure of Publicly Available Information Including the Identity of TVP's Employees**

19. TVP redacted all the information regarding the personal data included in the provided documents, without regard to whether the data is publicly available. According to Polish National Court Register Act of August 20, 1997, in case of the joint-stock company (TVP is incorporated in this form), the National Register contains the information on the company's management board and proxies as well as information regarding the members of company's supervisory board. The National Register is publicly available. Thus, any personal data contained in the documents produced by the Defendant relating to the members of its management board, proxies or members of Defendant's supervisory board, as publicly available, may be freely transferred to the United States.

20. Moreover, the data regarding Defendant's employees, not reflected in the National Register, may also be transferred freely to the United States. According to GIODO's practice, information concerning the employee's name, forename, the official e-mail address or phone number are strictly connected to his/her scope of professional obligations. This information can be widely processed by the employer without the consent of the data subject.

21. This opinion was taken by the Polish Supreme Court in its decision of November 19, 2003 ref. no. I PK 590/02, which stated that the most important part of a company are people, and the proper operation of the business concentrates on the contacts with contracting



parties and clients. That is why the employer must have the possibility of making the names of employees occupying specific posts within the firm publicly available. Otherwise, it would result in making impossible or reducing seriously the activities of the employer, without a reason, in order to protect the employees interests and rights. Names of the employees are placed on doors, stamps, documents. This information is normally available to public.

22. There are no legal obstacles for the publication of personal data of the employees on the official Internet website of the employer, as long as it does not reveal any information concerning private life of the employee, but only the information directly related to his/her work.

23. Taking above into the consideration, if an employer can publish the information regarding its employees on the Internet, he may also freely transfer such data to any country in the world, regardless of the level of protection of such data in the recipient country. Therefore, Defendant's transfer of employees' data to the Plaintiff, as long as such data regards the employees' professional activity, does not breach the DPL.

### Conclusion

24. We are of the opinion that under the DPL the transfer of the personal data contained in the documents produced by the Defendant within this proceeding is allowed and they should not be redacted. The data may be transferred because:

a) it is necessary by reasons of public interests, and

b) it is required for the pursuit of legal claims.

Moreover, the majority part of the redacted data shall be deemed publicly available which means that may be transferred to the US.



Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of July 2007.

_____
TOMASZ BRUDKOWSKI

_____
DANIEL WIESZCZYCKI