Exhibit A

BAKER & McKENZIE LLP
Attorneys for Defendants
James David Jacobs (JJ-7351)
Vasilis F.L. Pappas (VP-4281)
1114 Avenue of the Americas
New York, NY 10036
(212) 626-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPANSKI ENTERPRISES, INC. and POLTEL
INTERNATIONAL L.L.C.,

      Plaintiffs and Counterclaim Defendants,

      -against-

TELEWIZJA POLSKA S.A., ANNA MILEWSKA,
KRZYSZTOF SZTANDERA, MARCIN BOCHENEK, JOHN
DOES 1-10,

      Defendants and Counterclaim and Third Party Plaintiffs,

      -against-

TELEWIZJA POLSKA U.S.A. INC., TELEWIZJA POLSKA
CANADA INC. and BOGUSLAW M. SPANSKI,

      Third Party Defendants.

---

07 Civ. 930 (GEL)

TELEWIZJA POLSKA S.A.'S
AMENDED ANSWER WITH
COUNTERCLAIMS AND
THIRD PARTY CLAIMS

---

      Defendant and Counterclaim Plaintiff Telewizja Polska, S.A. ("Defendant" or

"Counterclaim Plaintiff" or "Third Party Plaintiff"), by its attorneys, Baker & McKenzie

LLP, as and for its amended answer to the Complaint with Counterclaims and Third Party

Claims, avers as follows:

## Nature of the Action

1.      Defendant denies each and every allegation in Paragraph 1 of the Complaint, except admits that Plaintiffs have made such allegations in this action and that Plaintiffs seek injunctive and declaratory relief as well as compensatory damages.

## The Parties

2.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant denies each and every allegation in Paragraph 5 of the Complaint, except admits that Anna Milewska is a citizen of Poland and was a member of TVP's board of directors and a senior member of TVP's management.

6.      Defendant denies each and every allegation in Paragraph 6 of the Complaint, except admits that Krzysztof Sztandera is a citizen of Poland and was a manager of TVP's signal distribution department.

7.      Defendant denies each and every allegation in Paragraph 7 of the Complaint, except admits that Marcin Bochenek is a citizen of Poland and a member of TVP's board of directors.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

## Jurisdiction and Venue

9.      Defendant states that the allegations in Paragraph 9 of the Complaint contain legal assertions to which no response is required.  To the extent that a response is required, Defendant denies each and every allegation in Paragraph 9 of the Complaint.

10.      Defendant states that the allegations in Paragraph 10 of the Complaint contains legal assertions to which no response is required.  To the extent that a response is required, Defendant denies each and every allegation in Paragraph 10 of the Complaint.

## Factual Allegations

11.      Defendant denies each and every allegation in Paragraph 11 of the Complaint, except admits that SEI and TVP executed the Agreement on December 14, 1994 and that Plaintiffs refer to the Agreement for an incomplete recitation of its terms.

12.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.      Defendant denies knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in respect of the formation of Poltel.  Defendant otherwise denies each and every allegation in Paragraph 13 of the Complaint, except admits that SEI and Poltel executed an assignment, and that Plaintiffs refer to the Agreement for an incomplete recitation of its terms.

14.      Defendant denies knowledge or information sufficient to form a belief as the truth of Plaintiffs' allegations in Paragraph 14 of the Complaint.

15.      Defendant denies each and every allegation in Paragraph 15 of the Complaint, except admits that SEI and TVP executed the First Addendum on November

- 3 -

4, 1999 and that Plaintiffs refer to the First Addendum for an incomplete recitation of its terms.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in Paragraph 16 of the Complaint.

17.    Defendant denies each and every allegation in Paragraph 17 of the Complaint, except admits that TVP and SEI executed a Second Addendum on April 29, 2002.

18.    Defendant denies each and every allegation in Paragraph 18 of the Complaint, except admits that Plaintiffs refer to the Second Addendum for an incomplete recitation of its terms.

19.    Defendant denies each and every allegation in Paragraph 19 of the Complaint, except admits that Plaintiffs refer to the Second Addendum for an incomplete recitation of its terms.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    Defendant denies each and every allegation in Paragraph 21 of the Complaint, except admits that TVP's representatives expressed the view that the parties' contractual relationship was favorable to SEI.

22.    Defendant denies each and every allegation in Paragraph 22 of the Complaint, except admits that a new agreement was proposed.

23.    Defendant denies each and every allegation in Paragraph 23 of the Complaint.

24.    Defendant denies each and every allegation in Paragraph 24 of the Complaint, except admits that SEI refused to accept TVP's offer for a new agreement.

25.    Defendant denies each and every allegation in Paragraph 25 of the Complaint, except admits that users in the United States can access www.itvp.pl and www.tvp.pl.

26.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, except admits that TVP commenced an arbitration in Poland against SEI and Poltel.

27.    Defendant denies each and every allegation in Paragraph 27 of the Complaint, except admits that Plaintiffs refer to TVP's statement of claim in the Warsaw Arbitration for an incomplete recitation of its terms

## First Claim for Relief

28.    Defendant repeats and realleges its responses set forth in Paragraphs 1 through 27 above as if fully set forth herein.

29.    Defendant denies each and every allegation in Paragraph 29 of the Complaint.

30.    Defendant denies each and every allegation in Paragraph 30 of the Complaint, except admits that TVP commenced an arbitration proceeding against SEI and Poltel in Poland.

31.    Defendant admits the allegations in Paragraph 31 of the Complaint.

32.    Defendant denies each and every allegation in Paragraph 32 of the Complaint.

33.    Defendant denies each and every allegation in Paragraph 33 of the Complaint.

34.    Defendant denies each and every allegation in Paragraph 34 of the Complaint.

35.    Defendant states that the allegations in Paragraph 35 of the Complaint contain legal assertions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 35 of the Complaint.

### Second Claim for Relief

36.    Defendant repeats and realleges its responses set forth in Paragraphs 1 through 35 above as if fully set forth herein.

37.    Defendant denies each and every allegation in Paragraph 37 of the Complaint, except admits that TVP and SEI entered into a contract and that Plaintiffs refer to the contract for an incomplete recitation of its terms.

38.    Defendant denies each and every allegation in Paragraph 38 of the Complaint, except admits that Plaintiffs refer to TVP's statement of claim in the Warsaw Arbitration for an incomplete recitation of its terms.

39.    Defendant denies each and every allegation in Paragraph 39 of the Complaint.

40.    Defendant states that the allegations in Paragraph 40 contain legal assertions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 40 of the Complaint.

### Third Claim for Relief

41.    Defendant repeats and realleges its responses set forth in Paragraphs 1 through 40 above as if fully set forth herein.

42.    Defendant denies each and every allegation in Paragraph 42 of the Complaint.

43.    Defendant denies each and every allegation in Paragraph 43 of the Complaint.

44.    Defendant states that the allegations in Paragraph 44 contain legal assertions to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 44 of the Complaint.

45.    Defendant states that the allegations in Paragraph 45 contain legal assertions to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 45 of the Complaint.

### Fourth Claim for Relief

46.    Defendant repeats and realleges its responses set forth in Paragraphs 1 through 45 above as if fully set forth herein.

47.    Defendant denies each and every allegation in Paragraph 47 of the Complaint, except admits that all the works broadcast on TV Polonia and TVP 3 are copyrighted under the laws of Poland, which copyrights are owned by or licensed to TVP.

48.    Defendant states that the allegations in Paragraph 48 contain legal assertions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies each and every allegation in Paragraph 49 of the Complaint.

50.     Defendant states that the allegations in Paragraph 50 contain legal assertions to which no response is required.  To the extent a response is required, Defendant admits the allegations in Paragraph 50 of the Complaint.

51.     Defendant states that the allegations in Paragraph 51 contain legal assertions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 51 of the Complaint, except admits that users in the United States can access www.itvp.pl and www.tvp.pl.

52.     Defendant states that the allegations in Paragraph 52 contain legal assertions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 52 of the Complaint.

53.     Defendant denies each and every allegation in Paragraph 53 of the Complaint.

54.     Defendant denies each and every allegation in Paragraph 54 of the Complaint.

55.     Defendant states that the allegations in Paragraph 55 contain legal assertions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 55 of the Complaint.

56.     Defendant denies each and every allegation in Paragraph 56 of the Complaint.

## Fifth Claim for Relief

57.     Defendant repeats and realleges its responses set forth in Paragraphs 1 through 56 above as if fully set forth herein.

58.     Defendant denies each and every allegation in Paragraph 58 of the Complaint.

59.     Defendant denies each and every allegation in Paragraph 59 of the Complaint.

60.     Defendant denies each and every allegation in Paragraph 60 of the Complaint.

## Sixth Claim for Relief

61.     Defendant repeats and realleges its responses set forth in Paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendant denies each and every allegation in Paragraph 62 of the Complaint, except admits that Plaintiffs refer to the Agreement for an incomplete recitation of its terms.

63.     Defendant denies each and every allegation in Paragraph 63 of the Complaint.

## As and For a First Affirmative Defense

64.     Plaintiffs' claims contained in the Complaint should be dismissed because Defendant is not subject to the personal jurisdiction of this Court.

## As and For a Second Affirmative Defense

65.     Plaintiffs' claims contained in the Complaint should be dismissed because this Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

### As and For a Third Affirmative Defense

66.     Plaintiffs' claims contained in the Complaint should be dismissed because the parties agreed to arbitrate their dispute in Warsaw, Poland.

### As and For a Fourth Affirmative Defense

67.     Plaintiffs' claims contained in the Complaint are barred, in whole or in part, by the doctrines of waiver, consent and estoppel.

### As and For a Fifth Affirmative Defense

68.     Plaintiffs' claims contained in the Complaint are barred, in whole or in part, by the equitable doctrine of laches.

### As and For a Sixth Affirmative Defense

69.     Plaintiffs' claims contained in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### As and For a Seventh Affirmative Defense

70.     Plaintiffs' claims contained in the Complaint are barred because Plaintiffs have breached the contracts at issue.

### As and For an Eighth Affirmative Defense

71.     Plaintiffs' claims contained in the Complaint are barred because Plaintiffs engaged in fraud.

### As and For a Ninth Affirmative Defense

72.     Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Complaint.

## COUNTERCLAIMS

### JURISDICTION AND VENUE

73.    The Court has original jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action involves a federal question,

pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, 15

U.S.C. § 1051 *et seq.*  Jurisdiction also arises under 28 U.S.C. § 1332 (diversity), in that

the amount in controversy exceeds $75,000.00 and this action is between citizens of

different states.  This Court has jurisdiction pursuant to the principles of supplemental

jurisdiction and 28 U.S.C. § 1367.

### THE PARTIES

74.    Counterclaim Plaintiff and Third Party Plaintiff TVP is a business

corporation organized and existing under the laws of Poland.

75.    Upon information and belief, Counterclaim Defendant Spanski

Enterprises, Inc. ("SEI") is a corporation organized under the laws of Canada with its

principal place of business in Mississauga, Ontario.

76.    Upon information and belief, Counterclaim Defendant Poltel International

L.L.C. ("Poltel") is an affiliate of SEI, and is a limited liability company organized under

the laws of Delaware, with its principal office in Schaumburg, Illinois.

77.    Upon information and belief Third Party Defendant Telewizja Polska

U.S.A. Inc. ("TVP USA") is an affiliate of SEI and Poltel, and is a limited liability

company organized under the laws of Delaware, with its principal place of business in

Chicago, Illinois.

- 11 -

78.     Upon information and belief, Third Party Defendant Telewizja Polska Canada. Inc. ("TVP Canada") is an affiliate of SEI and Poltel, and is a corporation organized and existing under the laws of the Canada, with its principal place of business in Mississauga, Ontario.

79.     Upon information and belief, Third Party Defendant Boguslaw M. Spanski is a citizen of Canada who resides in Canada and is the President of SEI, the sole managing member of Poltel, and directs and controls SEI, Poltel, TVP USA and TVP Canada.

## BACKGROUND

80.     TVP is a Polish national television station, producer and broadcaster that produces and broadcasts numerous Polish television programs throughout the world.  It has as one of its mandates the production and broadcast of Polish television programs to individuals of Polish descent living outside of Poland.

81.     The programs TVP produces or broadcasts are copyrighted under the laws of Poland, which copyrights are either owned by or licensed to TVP.

82.     TVP owns and operates several Polish language television channels including TV Polonia ("TV Polonia") and TVP 3 Regionalna ("TVP 3").

83.     On or around December 14, 1994, TVP and SEI entered into a license agreement (the "License Agreement").

84.     The License Agreement required SEI to create its own programming (the "SEI Program") into which SEI could incorporate individual shows broadcast by TVP on TV Polonia (the "TV Polonia Shows").

85.     Specifically, in the License Agreement, TVP granted to SEI the right to a one-time use of TV Polonia Shows on the SEI Program in North and South America (the "Territory").

86.     In return for the rights TVP granted to SEI, the License Agreement provided that SEI was to pay to TVP a percentage of the revenues generated from subscriptions to the SEI Program, and a percentage of revenues generated from the broadcasting of advertisements on the SEI Program.

87.     The License Agreement also called for SEI to establish a corporation in a state in the Territory to which it would assign all of its rights and obligations.

88.     To this end SEI established Poltel and on or around March 7, 1995 pursuant to an Assignment Agreement SEI assigned all of its rights and obligations under the License Agreement to Poltel (the "Assignment Agreement").

89.     On or around March 14, 1995, without authorization from TVP, Poltel sub-licensed the License Agreement to TVP USA.

90.     On or around March 14, 1995, without authorization from TVP, Poltel sub-licensed the License Agreement to TVP Canada.

91.     On November, 4, 1999, even though SEI had assigned all of its rights and obligations under the License Agreement to Poltel, TVP and SEI executed an addendum to the License Agreement (the "First Addendum").

92.     The First Addendum purported to grant to SEI the right to a one-time use of TV Polonia Shows on the SEI Program on the internet in the Territory.

- 13 -

93.     On November 4, 1999, even though SEI had assigned all of its rights and obligations under the License Agreement to Poltel, TVP and SEI executed a second addendum to the License Agreement (the "Second Addendum").

94.     The Second Addendum purported to grant to SEI the right to a one-time use of individual shows broadcast by TVP on TVP 3 (the "TVP 3 Shows").

95.     Specifically, the Second Addendum permitted SEI to broadcast individual TVP 3 Shows on the SEI Program on television in the Territory.

96.     Upon information and belief, SEI or Poltel sub-licensed their rights, if any, under the First Addendum and the Second Addendum to TVP Canada and TVP USA.

97.     Notwithstanding the limited licenses granted or purportedly granted to SEI in the License Agreement, the First Addendum, and the Second Addendum—namely a license only to a one-time use—SEI has asserted, claimed and acted as if it was an exclusive licensee with the unlimited right to broadcast in the Territory all TV Polonia Shows and TVP 3 Shows via satellite, cable connections, other known and unknown television signal distribution technologies, and on the Internet.

### FIRST COUNTERCLAIM
(Declaratory Judgment Against SEI)

98.     TVP repeats and realleges the allegations of Paragraphs 1 to 97 as though fully set forth herein.

99.     Upon information and belief, the Assignment Agreement was never revoked.

100.    Because the First Addendum was executed between TVP and SEI after SEI assigned the License Agreement to Poltel, SEI was not a proper party to the First Addendum.

101.  Because the Second Addendum was executed between TVP and SEI after SEI assigned the License Agreement to Poltel, SEI was not a proper party to the Second Addendum.

102.  By reason of the foregoing, a real and justiciable controversy exists between the parties and TVP is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that:

      a)    the First Addendum is void, invalid and unenforceable; and

      b)    the Second Addendum is void, invalid and unenforceable.

## SECOND COUNTERCLAIM
(Breach of Contract Against SEI and Poltel)

103.  TVP repeats and realleges the allegations in Paragraphs 1 to 102 as though fully set forth herein.

104.  TVP has fully performed, and continues to perform, its obligations under the License Agreement, the First Addendum and the Second Addendum.

105.  Upon information and belief, SEI or Poltel or both have breached the Agreement, the First Addendum and the Second Addendum by, among other things:

      a)    Re-broadcasting TV Polonia and TVP 3 in their entirety in the Territory;

      b)    Repeatedly broadcasting (*i.e.*, more than once) TV Polonia Shows and TVP 3 Shows in the Territory;

      c)    Broadcasting TVP 3 Shows in the Territory on SEI's website www.tvpolonia.com;

      d)    Offering "Video on Demand" services of TV Polonia Shows and TVP 3 Shows in the Territory on the website www.tvpolonia.com;

- 15 -

e)      Broadcasting TV Polonia and TVP 3 throughout the Territory without encryption, making TV Polonia and TVP 3 freely available to millions of people;

f)      Providing improper or incomplete financial statements to TVP;

g)      Failing to make payments due to TVP;

h)      Misrepresenting material information to TVP including, but not limited to, SEI or Poltel's practice of underreporting the number of subscribers to the SEI Program and revenues generated by the SEI Program;

i)      Failing to use reasonable efforts to perform obligations under the Agreement, the First Addendum and the Second Addendum; and

j)      Sub-licensing or causing to be sub-licensed the Agreement, the First Addendum and the Second Addendum to TVP USA and TVP Canada.

106.    As a direct and proximate cause of SEI's or Poltel's aforesaid breaches of the Agreement, the First Addendum, and the Second Addendum, TVP has been damaged in an amount not yet fully known, but believed to exceed $75,000.

### THIRD COUNTERCLAIM
(Fraud Against SEI and Poltel)

107.    TVP repeats and realleges the allegations in Paragraphs 1 to 106 as though fully set forth herein.

108.    Upon information and belief, SEI or Poltel or both have made a number of misrepresentations on material issues pertaining to the Agreement, the First Addendum and the Second Addendum to TVP upon which TVP relied to its detriment.

109.    Upon information and belief, these misrepresentations include, but are not limited to:

a)     SEI's or Poltel's underreporting to TVP of the number of subscribers to the SEI Program on television in the Territory;

b)     SEI's or Poltel's underreporting to TVP of the number of subscribers to the SEI Program on the internet in the Territory;

c)     SEI's or Poltel's underreporting to TVP of revenues generated by the SEI Program on television in the Territory;  and

d)     SEI's or Poltel's underreporting to TVP of revenues generated by the SEI Program on the internet in the Territory.

110.    Spanski, by being responsible for, directing, causing and benefiting from SEI's or Poltel's fraud, is directly and vicariously liable for SEI's or Poltel's fraud.

111.    As a direct and proximate result of SEI's or Poltel's fraud, TVP has been damaged in an amount not yet fully known, but believed to exceed $75,000.

### FOURTH COUNTERCLAIM
(Copyright Infringement Against SEI, Poltel, Spanski, TVP USA and TVP Canada)

112.    TVP repeats and realleges the allegations in Paragraphs 1 to 111 as though fully set forth herein.

113.    The TV Polonia Shows and TVP 3 Shows broadcast by SEI, Poltel, TVP USA or TVP Canada, or some or all of them, in the Territory are original works that are copyrighted under the laws of Poland, which copyrights are owned by or licensed to TVP.

114.    Poland and the United States are both signatories to the Berne Convention which provides, *inter alia*, that a member country will afford the same treatment to works from another member country as it does to works from its own country.  Thus, TVP's copyrights and licenses are protected by U.S. Copyright law in the United States.

- 17 -

115.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have re-broadcast TV Polonia and TVP 3 in their entirety in the Territory without the authorization of TVP in violation of TVP's copyrights or licenses.

116.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have repeatedly (*i.e.*, more than once) broadcast TV Polonia Shows and TVP 3 Shows in the Territory without the authorization of TVP in violation of TVP's copyrights or licenses.

117.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have broadcast TVP 3 Shows on the internet in the Territory without the authorization of TVP in violation of TVP's copyrights or licenses.

118.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have offered a "Video on Demand" service on the internet in the Territory that repeatedly (*i.e.*, more than once) broadcasts TV Polonia Shows and TVP 3 Shows without the authorization of TVP in violation of TVP's copyrights or licenses.

119.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have broadcast TV Polonia and TVP 3 on television in the United States without encrypting the satellite signal, making TVP's copyrighted or licensed works freely available to millions of viewers without the authorization of TVP in violation of TVP's copyrights or licenses.

120.   The foregoing unauthorized acts constitute a direct infringement of TVP's copyrights and licenses protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*).

121.    The foregoing acts of infringement have been willful, intentional, and in utter disregard to the rights of TVP.

122.    The foregoing acts of infringement have caused, and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss, and injury to TVP for which TVP has no adequate remedy at law.

123.    Spanski, by being responsible for, directing, causing and benefiting from SEI's, Poltel's, TVP USA's and TVP Canada's infringement of TVP's copyrights and licenses, is directly and vicariously liable for SEI's, Poltel's, TVP USA's and TVP Canada's acts of infringement.

124.    As a direct and proximate result of SEI's, Poltel's, TVP USA's and TVP Canada's infringement of TVP's copyrights or licenses, TVP has been damaged in an amount not yet fully known, but believed to exceed $75,000.

### FIFTH COUNTERCLAIM
(Trademark Infringement Against SEI, Poltel, Spanski, TVP USA and TVP Canada)

125.    TVP repeats and realleges the allegations in Paragraphs 1 to 124 as though fully set forth herein.

126.    TVP is the owner of the trademarks **TV Polonia** and **Telewzja Polska** (collectively the "Marks"), both of which TVP has registered in the Polish Trademark Office.

127.    TVP has used its Marks in Poland and throughout the rest of the world.

128.    As a result of TVP's efforts the Marks have become identified with TVP and serve to identify and indicate that products and services with which the Marks are associated are sourced from or are endorsed by TVP.

129.   TVP's pervasive and extensive use and promotion of the Marks have made such marks distinctive and famous within the meaning of the Lanham Act.

130.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, are using the Marks on television and on the Internet to identify the programming that they offer or indicate that the programming that they offer are approved or authorized by TVP.

131.   Upon information and belief, in or around 2000, TVP USA registered the domain name www.tvpolonia.com.

132.   Upon information and belief, since then, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have trafficked in or used the domain name www.tvpolonia.com..

133.   Upon information and belief, SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have held themselves out to consumers as authorized representatives of TVP.

134.   TVP has not authorized SEI, Poltel, TVP USA or TVP Canada to engage in any of the acts recited in the immediately preceding four paragraphs.

135.   SEI, Poltel, TVP USA or TVP Canada, or some or all of them, have engaged in the foregoing, unauthorized acts willfully, wrongfully, and illegally knowing that such use would interfere with and infringe the rights of TVP.

136.   The foregoing unauthorized acts are likely to cause confusion or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of SEI, Poltel, TVP USA or TVP Canada with TVP.

137.    The foregoing unauthorized acts are likely to cause confusion or to cause mistake, or to deceive consumers as to origin, sponsorship, or approval of SEI's, Poltel's, TVP USA's or TVP Canada's products or services by TVP.

138.    SEI's, Poltel's, TVP USA's or TVP Canada's unauthorized use of the Marks in the manner described above blurs and dilutes the distinctive quality of the Marks.

139.    The unauthorized acts of SEI, Poltel, TVP USA or TVP Canada, or some or all of them, constitute infringement of TVP's trademark rights and unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq.*), including, but not limited to, 15 U.S.C. §§ 1125(a).

140.    The acts of SEI, Poltel, TVP USA or TVP Canada, or some or all of them, constitute dilution of the distinctive quality of the famous Marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

141.    Upon information and belief, SEI's, Poltel's, TVP USA's and TVP Canada's infringement has, in fact, caused actual confusion and mistake.

142.    The foregoing acts of infringement have been willful, intentional, and in utter disregard to the rights of TVP.

143.    Spanski, by being responsible for, directing, causing and benefiting from SEI's, Poltel's, TVP USA's and TVP Canada's trademark infringement, is directly and vicariously liable for SEI's, Poltel's, TVP USA's and TVP Canada's trademark infringement.

144.   Unless restrained by this Court, these unauthorized acts of SEI, Poltel, TVP USA or TVP Canada, or some or all of them, will continue, and they will continue to cause irreparable injury to TVP and to the public for which there is no remedy at law.

145.   As a direct and proximate result of SEI's, Poltel's, TVP USA's or TVP Canada's infringement of TVP's trademark rights, TVP has been damaged in an amount not yet fully known, but believed to exceed $75,000.

## **RELIEF REQUESTED**

WHEREFORE, Defendant and Counterclaimant TVP requests a judgment of this Court:

a)   Dismissing Plaintiffs' Complaint in its entirety;

b)   As and for the First Counterclaim, this Court grant a judgment in favor of TVP declaring that the First Addendum and Second Addendum are void, invalid and unenforceable;

c)   As and for the Second Counterclaim, this Court award compensatory damages to TVP against SEI and Poltel for breach of contract in an amount to be proven at trial, including TVP's actual damages and any profits received by SEI and Poltel as a result of their breaches of contract, plus interest;

d)   As and for the Third Counterclaim, this Court award compensatory damages to TVP against SEI, Poltel and Spanski for fraud in an amount to be proven at trial, including TVP's actual damages and any profits received by SEI, Poltel and Spanski as a result of their fraud, plus interest;

e)   As and for the Fourth Counterclaim, this Court preliminarily and permanently enjoin SEI, Poltel, TVP USA, TVP Canada, Spanski, and their agents, servants, employees, attorneys and all those persons in active concert or participation

with them from infringing TVP's copyrights and licenses, including, but not limited to,

enjoining SEI, Poltel, TVP USA , TVP Canada, Spanski, and their agents servants,

employees, attorneys and all those persons in active concert or participation with them

from:  broadcasting any TV Polonia Shows or TVP 3 Shows more than one time;

carrying on the Internet any TV Polonia Shows more than one time;  carrying any TVP 3

Shows on the Internet;  carrying "Video-on-Demand" broadcasts of TV Polonia Shows or

TVP 3 Shows on the Internet;  re-broadcasting TV Polonia or TVP 3 programming, *e.g.,*

a sequence of TV Polonia Shows or TVP 3 Shows, devoid of substantial content and

originality that SEI, Poltel, TVP USA or TVP Canada contribute;  sublicensing the rights

granted in the License Agreement, the First Addendum, and the Second Addendum;  and

broadcasting the TV Polonia and TVP 3 signals without encryption to render them

available to other than authorized subscribers;

      f)     As and for the Fourth Counterclaim, this Court award compensatory

damages to TVP against SEI, Poltel, TVP USA, TVP Canada and Spanski for copyright

infringement in an amount to be proven at trial, including but not limited to TVP's actual

damages and any profits received by SEI, Poltel, Spanski, TVP USA or TVP Canada as a

result of the acts of infringement alleged herein, or in the alternative statutory damages

for each infringement, plus interest;

      g)     As and for the Fifth Counterclaim, this Court preliminarily and

permanently enjoin SEI, Poltel, TVP USA, TVP Canada, Spanski, and their agents

servants, employees, attorneys and all those persons in active concert or participation

with them from using the Marks, the domain name www.tvpolonia.com, or any mark,

name or domain name that is confusingly similar to either or both of the Marks;

h)     As and for the Fifth Counterclaim, this Court award compensatory

damages to TVP against SEI, Poltel, Spanski, TVP USA and TVP Canada in an amount

to be proven at trial, said damages be treble, and the profits of SEI, Poltel, TVP USA and

TVP Canada, plus interest;

i)     Awarding TVP its costs, disbursements and attorneys' fees; and

j)     Granting TVP such other and further relief as the Court may deem just and

proper.

Dated: New York, New York
     April 9, 2007

BAKER & McKENZIE LLP

By: _____

James David Jacobs (JJ-7351)
Vasilis F.L. Pappas (VP-4281)
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4100

*Attorneys for Defendant*
*Telewizja Polska, S.A.*

- 24 -

Exhibit B

07  CV  930

Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
John A. Piskora (JP-1224)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

Attorneys for Plaintiffs
Spanski Enterprises, Inc and
Poltel International L.L.C.

RECEIVED
FEB 0 8 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
SPANSKI ENTERPRISES, INC. and
POLTEL INTERNATIONAL L.L.C.,                            :

           Plaintiffs,                       :    ____ CV _____

        v.                                       :   **COMPLAINT**

TELEWIZJA POLSKA S.A., ANNA                             :  JURY TRIAL DEMANDED
MILEWSKA, KRZYSZTOF SZTANDERA,
MARCIN BOCHENEK, JOHN DOES 1-10,                        :

           Defendants.                       :
-------------------------------------------------------X

       Plaintiffs Spanski Enterprises, Inc. and Poltel International L.L.C., by their
attorneys Loeb & Loeb LLP, allege as follows:

### NATURE OF ACTION

    1.     By this action, plaintiff Spanski Enterprises, Inc. ("SEI") seeks injunctive and
declaratory relief as well as compensatory damages by reason of defendants' willful
infringement of SEI's exclusive rights to broadcast certain Polish-language television
programming which SEI acquired from defendants. Despite the fact that the parties' written
contract conveying these exclusive rights from TVP to SEI unambiguously requires any disputes

to be submitted to this Court, defendants have commenced an arbitration against SEI and its affiliate, Poltel International L.L.C., in Warsaw, Poland seeking to nullify SEI's exclusive rights. Plaintiffs seek a preliminary and permanent injunction prohibiting defendants from proceeding with the arbitration in Warsaw, Poland and enjoining defendants from infringing upon SEI's exclusive rights, and an award of substantial monetary damages.

## THE PARTIES

2.      Plaintiff Spanski Enterprises, Inc. ("SEI") is a corporation organized under the laws of Canada with its principal place of business in Mississauga, Ontario.  SEI and its subsidiaries are engaged, among other things, in the distribution of Polish-language television and radio content in North and South America via satellite and cable television and over the internet.

3.      Plaintiff Poltel International L.L.C. ("Poltel"), an affiliate of SEI, is a limited liability company organized under the laws of Delaware, with its principal office in Schaumburg, Illinois.

4.      Defendant Telewizja Polska, S.A. ("TVP") is, upon information and belief, a business corporation organized under the laws of Poland and is wholly-owned by the Polish government.  TVP owns and operates several Polish language television channels including TV Polonia and TVP 3 Regionalna.

5.      Upon information and belief defendant Anna Milewska is a citizen of Poland and was, at all relevant times, a member of TVP's board of directors and a senior member of TVP's management.  Defendant Milewska is vicariously liable for the acts of copyright infringement alleged herein in that she is responsible for and directly benefited from TVP's infringement.

2

6.      Upon information and belief defendant Krzysztof Sztandera is a citizen of Poland and was, at all relevant times, a manager of TVP's signal distribution department. Defendant Sztandera is vicariously liable for the acts of copyright infringement alleged herein in that he is responsible for and directly benefited from TVP's infringement.

7.      Upon information and belief defendant Marcin Bochenek is a citizen of Poland and was, at all relevant times, a member of TVP's board of directors and is responsible for TVP's internet operations. Defendant Bochenek is vicariously liable for the acts of copyright infringement alleged herein in that he is responsible for and directly benefited from TVP's infringement.

8.      Upon information and belief, John Does 1-10 are individuals and entities who are or have acted in concert with TVP or are negotiating with TVP to purportedly acquire rights violation of SEI's exclusive rights. The true names and capacities, whether individual, corporate, or otherwise, of defendants named herein John Does 1 through 10 are presently unknown to plaintiffs, who therefore sue said defendants by said fictitious names. Plaintiffs believe that information obtained in discovery will lead to the identification of the defendants' true names and permit the plaintiffs to amend this Complaint to allege these defendants' true names and capacities, together with such other allegations as may be necessary or appropriate, when they become known.

## JURISDICTION AND VENUE

9.      The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action involves a federal question, pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.* This Court also has original jurisdiction pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1603(a)-(b), and 1605(a) (1), (2), as

3

defendant TVP is an agency and instrumentality of the Polish Government engaging in commercial activity within the United States and expressly agreeing to litigate any disputes before this Court.

      10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) and the parties' written contract.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

### SEI's Exclusive Agreement with TVP

      11.     By written agreement dated December 14, 1994 (the "Agreement"), SEI acquired from TVP the exclusive right to broadcast TV Polonia, a Polish language television channel produced by TVP, including its copyrighted programming, in North and South America (the "Territory"). The Agreement's term is twenty-five (25) years from the date of its execution, with an option to extend the term for ten (10) additional years.

      12.     Following the execution of the Agreement, SEI expended more than $1 million establishing the necessary infrastructure to facilitate the distribution of TV Polonia throughout the Territory.

      13.     Section 8 of the Agreement provides that SEI would be permitted, but not required, to form a new corporation to carry out the business contemplated by the parties in the Agreement. Pursuant to that provision, SEI formed an affiliated United States entity, Poltel, in or about 1995. By assignment dated as of March 7, 1995, SEI transferred all its right, title and interest under the Agreement to Poltel.

      14.     In or about 1998, TVP objected to SEI's assignment of its rights under the Agreement to Poltel. TVP claimed, among other things, that the assignment to Poltel was not permitted by the Agreement. At TVP's request and with TVP's full knowledge, the Assignment

4

was cancelled by agreement dated July 27, 1999 and all rights under the Agreement reverted to SEI.

15.     By contractual addendum dated as of November 4, 1999 (the "First Addendum") (the "First Addendum"), TVP granted SEI the further exclusive right to broadcast TV Polonia over the internet within the Territory.

16.     The First Addendum was drafted by TVP and its counsel.

17.     Beginning in or about 2002, after three additional years of successful collaboration under the Agreement and the First Addendum, TVP and SEI entered into a second addendum to the Agreement dated April 29, 2002 (the "Second Addendum").

18.     The Second Addendum modified the parties' relationship in two ways relevant to this dispute. First, the Second Addendum granted SEI exclusive rights in and to a second TVP channel, TVP 3 Regionalna ("TVP 3"), including the copyrighted content of TVP 3. The term of SEI's exclusive rights in TVP 3 is for ten years and expires in 2012.

19.     The Second Addendum also expressly provided that the Agreement and its addendums would be governed by New York law and that any disputes between TVP and SEI relating to the Agreement or its addenda would be submitted to and resolved by the Federal Court in the City of New York.

20.     The Second Addendum was drafted by TVP and its counsel.

### TVP'S Efforts to Repudiate SEI's Exclusive Rights

21.     As SEI's efforts to exploit TV Polonia and TVP 3 met with more and more success, TVP and its representatives began to express their view that the parties' contractual relationship was "too favorable" to SEI and that TVP no longer needed SEI to facilitate the distribution of TV Polonia and TVP 3 in the Territory.

22.     During the Summer of 2006, SEI and its president, Boguslaw M. (Bob) Spanski, were advised by defendant Milewska that TVP was only interested in continuing its relationship with SEI, if SEI was prepared to make substantial concessions. Defendant Milewska proposed a "new agreement" which would have required SEI to surrender its 25-year exclusive rights in TV Polonia and its 10-year exclusive rights in TVP-3, in exchange for a one-year, non-exclusive license, under which SEI would potentially be obligated to pay TVP a higher share of its revenues.

23.     TVP representative defendant Sztandera advised SEI and Mr. Spanski that unless SEI accepted TVP's proposed modifications to the Agreement and surrendered its exclusive rights, TVP would render SEI's exclusive rights irrelevant and meaningless by distributing in North and South America programming exclusive to SEI using a new signal.

24.     SEI refused to agree to TVP's one-sided offer.

25.     On or about January 15, 2007, TVP began to openly infringe SEI's exclusive rights by broadcasting TV Polonia and TVP 3 programming over the internet within SEI's Territory in direct contravention of SEI's exclusive internet rights. On TVP's internet websites, www.itvp.pl and www.tvp.pl, users in the United States can view approximately 3000 copyrighted works more than 50% of which are works that SEI has the exclusive right to distribute in the Territory.

### TVP'S  Improper Demand for Arbitration in Warsaw, Poland

26.     On or about January 18, 2007, SEI learned that TVP had commenced an arbitration in the Arbitration Court at the Polish Chamber of Commerce in Warsaw, Poland against SEI and Poltel (hereinafter, the "Warsaw Arbitration").

6

27.     In its statement of claim in the Warsaw Arbitration, TVP admits that it entered into the Agreement with SEI, including the First Addendum and the Second Addendum, but, nevertheless, contends that TVP should be released from its obligations because the "Agreement is grossly disadvantageous" to TVP.  TVP also seeks to avoid the application of New York law to the Agreement, severely limit SEI's rights, and have the First and Second Addendum declared null and void.

### FIRST CLAIM FOR RELIEF
(Permanently Enjoining TVP from Proceeding with or Participating in the Warsaw Arbitration)

28.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     The Second Addendum expressly provides that any and all disputes between SEI and TVP relating to their contract, the Agreement, First Addendum and Second Addendum, would be submitted to the Federal Court sitting in the City of New York.

30.     Despite the plain language of the Second Addendum, TVP has commenced an arbitration proceeding against SEI and Poltel before the Court of Arbitration at the Polish Chamber of Commerce, seeking to set aside and drastically alter certain portions of the Agreement and to nullify the First and Second Addendum altogether.

31.     TVP's claims in the Warsaw Arbitration, arise out of and are made in connection with, the Agreement between TVP and SEI.

32.     Poltel, for its part, never agreed to arbitrate any disputes with TVP.

33.     The Warsaw Arbitration is contrary to the parties' express Agreement.  Upon information and belief, TVP brought the Warsaw Arbitration to deny SEI a fair trial before a neutral and impartial tribunal and to avoid the application of New York law to the Agreement.

7

34.    Absent the issuance of a preliminary and permanent relief, plaintiffs will suffer irreparable harm.

35.    By reason of the foregoing, plaintiffs are entitled to a permanent injunction enjoining TVP, and all those acting in concert with it, from proceeding with or participating in the Warsaw Arbitration.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment Against TVP)

36.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    SEI and TVP entered into a binding and valid written contract granting SEI the exclusive right to distribute and broadcast TV Polonia and TVP 3 in North America, South America and over the internet.

38.    By its statement of claim in the Warsaw Arbitration, TVP seeks, *inter alia*, a declaration that: (a) the First and Second Addendum are invalid and without consequence; (b) that Poltel, not SEI, is the proper party to the Agreement; (c) the Agreement prohibits SEI and/or Poltel from rebroadcasting and/or sublicensing TV Polonia and TVP 3; (d) the Agreement permits TVP to grant licenses to other companies within the Territory to retransmit TV Polonia and TVP 3; and (e) that Poltel is obligated to encrypt the TV Polonia signal before its transmission.

39.    TVP's claims in the Warsaw Arbitration are not supported by plain language of the Agreement, are contrary to New York law and are contrary to the parties' course of dealings for well over 12 years.

40.    By reason of the foregoing, a real and justiciable controversy exists between the parties and plaintiffs are entitled to a declaration, pursuant to 28 U.S.C. § 2201, that:

8

a.     the Agreement, the First and Second Addendum are valid and binding

contracts between TVP and SEI governed by New York law;

b.     SEI is the proper party to the Agreement, the First Addendum and Second

Addendum;

c.     SEI is permitted to rebroadcast and sublicense TV Polonia and TVP 3;

d.     the Agreement prohibits TVP from granting licenses to other companies

within the Territory to retransmit TV Polonia or TVP 3, including their copyrighted content; and

e.     neither Poltel nor SEI are obligated to encrypt the TV Polonia signal

before its transmission.

### THIRD CLAIM FOR RELIEF
(Declaratory Judgment Against TVP and John Does 1 through 10)

41.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 40

of this Complaint as if fully set forth herein.

42.     In an effort to circumvent SEI's exclusive rights, TVP has announced its intention

to distribute within SEI's territory, programming content from TV Polonia and TVP 3 on

purported "new" channels which, TVP contends, would not infringe upon SEI's exclusive rights.

43.     Upon information and belief TVP and its representatives have already entered

into negotiations (and may have already purported to license) with John Does 1 through 10 to

distribute exclusive programming from TV Polonia and TVP 3 in North and South America.

Any such arrangements would violate and infringe upon SEI's exclusive rights.

44.     By reason of the foregoing, a real and justiciable controversy exists between the

parties.

45.     SEI is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that SEI has the

exclusive right to broadcast TV Polonia and TVP 3 content in the Territory and that TVP's

9

creation and licensing of signals containing TV Polonia and TVP 3 content violates of SEI's exclusive rights.

## FOURTH CLAIM FOR RELIEF
(Copyright Infringement Against TVP, Milewska, Sztandera and Bochenek)

46.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     A majority of the works broadcast on TV Polonia and TVP 3 are original works that are copyrighted under the laws of Poland, which copyrights are owned by or exclusively licensed to TVP.

48.     Poland and the United States are both signatories to the Berne Convention which provides, *inter alia*, that a member country will afford the same treatment to works from another member country as it does to works from its own country.  Thus, the original works subject to Polish copyright on TV Polonia and TVP 3 are protected by U.S. Copyright law in the United States.

49.     Pursuant to the Agreement, SEI has the exclusive rights to distribute such works in the United States via cable and satellite television and over the internet.

50.     As these works are foreign works, no registration with the U.S. Copyright Office need be made prior to commencing an action for copyright infringement.

51.     TVP's unauthorized broadcasts via its internet sites, www.itvp.pl  and www.tvp.pl, on which users in the United States can, upon information and belief, view more than 3000 titles which includes more than 50% of the content that is contractually licensed to SEI, constitutes a direct infringement of SEI's exclusive rights protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*).

10

52.     Defendants Milewska, Sztandera and Bochenek, by being responsible for and benefiting from, TVP's infringement of SEI's exclusive rights, are vicariously liable for TVP's acts of infringement.

53.     The foregoing acts of infringement have been willful, intentional, and in utter disregard to the rights of SEI.

54.     By providing this SEI exclusive content over the internet, TVP's actions are causing and will continue to cause SEI irreparable harm.

55.     As a result of defendants' infringement of SEI's exclusive copyrights, SEI seeks an order, pursuant to 17 U.S.C. § 502, enjoining TVP, Milewska, Sztandera and Bochenek from infringing upon SEI's exclusive copyright by broadcasting TV Polonia and TVP 3 programming over the internet in the United States.

56.     SEI has been damaged, and will continue to be damaged, in an amount to be proven at trial, including SEI's actual damages and any profits received by TVP as a result of the acts of infringement alleged herein, but reasonably believed to exceed $15,000,000.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract Against TVP)

57.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     SEI has fully performed, and continues to perform, its obligations under the Agreement.

59.     TVP has breached the Agreement by, among other things, violating SEI's exclusive rights and improperly commencing the Warsaw Arbitration.

11

60.     As a direct and proximate result of TVP's aforesaid breaches of the Agreement,

SEI has been damaged in an amount to be proven at trial, but reasonably believed to exceed

$20,000,000.

## SIXTH CLAIM FOR RELIEF
(Breach of Covenant of Good Faith and Fair Dealing Against TVP)

61.     SEI repeats and realleges the allegations contained in paragraphs 1 through 60 of

this Complaint as if fully set forth herein.

62.     Under the Agreement, TVP owed to SEI an implied covenant of good faith and

fair dealing.  Among other things, TVP was obligated to refrain from conduct that would result

in injuring or infringing on SEI's right to receive the benefits of the Agreement.

63.     As a direct and proximate result of TVP's aforesaid breach of the covenant of

good faith and fair dealing, SEI has been damaged in an amount to be proven at trial, but

reasonably believed to exceed $20,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Spanski Enterprises, Inc. and Poltel International L.L.C.

seek relief and demands judgment against defendants Telewizja Polska S.A., Anna Milewska,

Krzysztof Sztandera, Marcin Bochenek and John Does 1-10 as follows:

a.     Granting plaintiffs a permanent injunction enjoining TVP, and all those

acting in concert with it, from proceeding with or participating in the Warsaw Arbitration;

b.     Declaring that:

i)     the Agreement, the First Addendum and Second Addendum are

valid and binding contracts between TVP and SEI governed by New York law;

ii)     SEI is the proper party to Agreement, the First Addendum and

Second Addendum;

12

iii)     SEI is permitted to rebroadcast and sublicense TV Polonia and TVP 3;

iv)     The Agreement prohibits TVP from granting licenses to other companies within the Territory to retransmit TV Polonia or TVP 3, including their copyrighted content; and

v)     neither Poltel nor SEI are obligated to encrypt the TV Polonia signal before its transmission;

c.     Declaring that TVP's creation and licensing of signals containing TV Polonia and TVP 3 programming content violates SEI's exclusive rights;

d.     Ordering that TVP, Milewska, Sztandera and Bochenek are enjoined from infringing upon SEI's exclusive copyright by broadcasting TV Polonia and TVP 3 programming over the internet in the United States and in North and South America;

e.     Awarding SEI compensatory damages against TVP, Milewska, Sztandera and Bochenek for copyright infringement in an amount to be proven at trial, including SEI's actual damages and any profits received by TVP as a result of the acts of infringement alleged herein, but reasonably believed to exceed $15,000,000, plus interest;

f.     Awarding SEI compensatory damages against TVP for breach of contract, in an amount to be proven at trial but reasonably believed to exceed $20,000,000, plus interest;

g.     Awarding SEI compensatory damages against TVP for breach of covenant of good faith and fair dealing in an amount to be proven at trial but reasonably believed to exceed $20,000,000, plus interest;

13

h.    Awarding plaintiffs their costs, prejudgment interest, attorneys' fees and such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
      February 8, 2007

Respectfully submitted,

By: _____
Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
John A. Piskora (JAP-1224)
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs Spanski Enterprises,*
*Inc. and Poltel International L.L.C.*

553963.v2

14

Exhibit C

## Jacobs, James D.

| | |
|---|---|
| **From:** | Christian Carbone [ccarbone@loeb.com] |
| **Sent:** | Thursday, July 05, 2007 10:23 AM |
| **To:** | Jacobs, James D. |
| **Cc:** | Pappas, Vasilis F.L.; Jonathan Zavin |
| **Subject:** | RE: SEI v. TVP |
| **Importance:** | High |
| **Attachments:** | NY_664324_1.DOC |

Dear Jim,

We cannot accept your proposal to resolve the issues relating to the redaction of TVP's document production. We will not agree to limit the scope of our clients' discovery, we will not attempt to determine which of the incomplete documents produced by your clients are "indispensable," nor will we agree to submit this matter to another entity of the Polish government for resolution. This needs to be resolved by Judge Lynch today. We have added a paragraph to the joint letter to reflect our exchange and a copy is attached. Please provide us with your input so we can submit this to the Judge this afternoon.

**Christian D. Carbone**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: (212) 407-4852**
**Fax: (212) 937-3683**

---

**From:** Jacobs, James D. [mailto:James.D.Jacobs@BAKERNET.com]
**Sent:** Tuesday, July 03, 2007 1:24 PM
**To:** Christian Carbone
**Cc:** Pappas, Vasilis F.L.; Jonathan Zavin
**Subject:** RE: SEI v. TVP

Dear Christian,

On Thursday we will either resolve this matter or provide you our portion of letter.

Regards,

James David Jacobs
Baker & McKenzie LLP
1114 Avenue of Americas
New York, NY  10036
Tel:  +1 212 891 3951
Cell: +1 917 660 3425
Fax:  +1 212 310 1651

**From:** Christian Carbone [mailto:ccarbone@loeb.com]
**Sent:** Tuesday, July 03, 2007 1:15 PM
**To:** Jacobs, James D.
**Cc:** Pappas, Vasilis F.L.; Jonathan Zavin
**Subject:** SEI v. TVP

Jim,

Following up on our last conversation, I want to make sure that we do not have any miscommunication regarding the redaction of TVP's document production.  Given that Judge Lynch is going to be away for two weeks after this Friday, it is is critical that we resolve this issue by the end of this week.  Given your travel schedule, we will agree to wait until Thursday, July 5th, to submit this matter to the Court, but if the matter is not resolved we need to submit this to the Court by Thursday afternoon.  If you or Vasilis are unable or unwilling to submit your portion of the jointly composed letter (which we sent to you last week) we will be compelled to proceed without your input and will apprise the Court accordingly.


**Christian D. Carbone**
**Loeb & Loeb LLP**
**345 Park Avenue**
**New York, NY 10154**
**Tel: (212) 407-4852**
**Fax: (212) 937-3683**

CONFIDENTIALITY NOTICE:  This e-mail transmission, and any
documents, files or previous e-mail messages attached to it may
contain confidential information that is legally privileged.  If
you are not the intended recipient, or a person responsible for
delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the
information contained in or attached to this transmission is
STRICTLY PROHIBITED.  If you have received this transmission in
error, please immediately notify the sender.  Please destroy the
original transmission and its attachments without reading or
saving in any manner.  Thank you, Loeb & Loeb LLP.


Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Click here or visit www.bakernet.com/disclaimer_bm for other important information concerning this message.

Exhibit D

## Pappas, Vasilis F.L.

| | |
|---|---|
| **From:** | Christian Carbone [ccarbone@loeb.com] |
| **Sent:** | Friday, March 16, 2007 4:49 PM |
| **To:** | Pappas, Vasilis F.L. |
| **Cc:** | Jonathan Zavin; Jacobs, James D. |
| **Subject:** | SEI v. TVP |

Dear Vasilis,

Following up on our conversation this afternoon, the following discovery requests propounded by plaintiffs relate to the anti-suit issue and, accordingly, are not affected by the stay on the copyright issues:

1.  From plaintiffs' first request for production of documents, served February 16, 2007: Requests Nos. 1, 2, 4, 5, 6, 8, 9, 25, 26, 28, 29 and 30.

2.  From plaintiffs' first set of interrogatories, served February 16, 2007, Interrogatory Nos. 2, 4, 5, and 6.

3.  From plaintiffs' first requests for admissions, served February 16, 2007, Requests Nos. 1, 3, 4, 5, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, 22, and 23.

You have also asked for an extension of time to respond to the foregoing requests, the responses to which are due on Monday, until Friday, March 23, 2007 for the admissions and interrogatories and until March 30th for the production of documents. We cannot agree to extend defendants' time to produce documents because it will seriously prejudice plaintiffs' ability to prepare for the April 9th hearing and will make it impossible to comply with Judge Lynch's scheduling order which requires that the parties submit documentary evidence on April 2, 2007. Virtually all of the documents in this case are in Polish and will need to be translated by a certified translator before they can be used in Court. In our experience on this case so far, it has taken up to two weeks to obtain certified translations of documents. Thus, TVP's production of documents on March 30th will make it impossible to comply with the Judge's order and we must, therefore, insist that document production begin on Monday as required. We will, however, agree to extend defendants' time to respond to our requests for admissions and interrogatories until March 23 as you requested. We note that when asking Judge Lynch to stay discovery on the copyright infringement claims --just two days ago -- defendants expressly represented to the Court that there would be "sufficient time to conduct the necessary discovery prior to the April hearing on the anti-suit motion" and made mo mention about seeking any extensions.

Finally, you have asked that we identify the individuals at TVP with whom our client dealt regarding the negotiation of the agreement and its amendments. We are providing this information to you now as a professional courtesy and it should not be construed as any limitation upon defendants' obligations to conduct a diligent search and produce responsive documents and information. To the best of our current knowledge, those individuals are: Jerzy Romanski , Wieslaw Walendziak, Ryszard Miazek , Jaroslaw Pachowski, Marek Staszak, and Ryszard Swiderski.

Christian D. Carbone
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4852
Fax: (212) 937-3683

CONFIDENTIALITY NOTICE:  This e-mail transmission, and any
documents, files or previous e-mail messages attached to it may

contain confidential information that is legally privileged. If
you are not the intended recipient, or a person responsible for
delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the
information contained in or attached to this transmission is
STRICTLY PROHIBITED. If you have received this transmission in
error, please immediately notify the sender. Please destroy the
original transmission and its attachments without reading or
saving in any manner. Thank you, Loeb & Loeb LLP.