UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SPANSKI ENTERPRISES, INC. and
POLTEL INTERNATIONAL L.L.C.,         :

        Plaintiffs,         :

        -against-         :
                                    07 CIV 930 (GEL)(GWG)
TELEWIZJA POLSKA, S.A., ANNA         :
MILEWSKA, KRZYSZTOF SZTANDERA,
MARCIN BOCHENEK, JOHN DOES 1-10,   :

        Defendants,         :

TELEWIZJA POLSKA U.S.A. INC.,        :
TELEWIZJA POLSKA CANADA INC. and
BOGUSLAW M. SPANSKI,

        Third Party Defendants.    :
------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO COMPEL AND
IN OPPOSITION TO DEFENDANT TVP'S MOTION FOR A PROTECTIVE ORDER**

---

LOEB & LOEB LLP
Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
John A. Piskora (JP-1224)
345 Park Avenue
New York, New York 10154-1895
Tel No: 212-407-4000
Fax No: 212-407-4990

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMIARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.   TVP HAS FAILED TO ESTABLISH THAT THE DPL IS applicable ........................... 2

II.  THE POLISH CONFIDENTIALITY LAWS DO NOT PRECLUDE THE
     PRODUCTION OF RELEVANT INFORMATION IN CONNECTION WITH
     A UNITED STATES ACTION ........................................................................................ 5

     A.   The U.S. Has a Strong Interest in Enforcing Its Laws ........................................... 6

     B.   TVP Would Not Suffer A Hardship If It Were Compelled to Produce
          the Redacted Information ....................................................................................... 9

     C.   The Information Contained in the Documents is Vital to Plaintiffs'
          Ability to Proceed with the Litigation and the Court's Ability to
          Determine the Validity of the Parties' Claims and Defenses ................................. 9

     D.   TVP Has Not Acted in Good Faith ...................................................................... 10

CONCLUSION .......................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Compagnie Francaise d'Assurance Pour le Commerce Exterior v. Phillips,
 105 F.R.D. 26, 30 (S.D.N.Y. 1984) ..................................................................................6

First Am. Corp. v. Price Waterhouse LLP,
 154 F.3d 16 (2d. Cir. 1998) ..............................................................................................5

First National City Bank v. IRS,
 271 F.2d 616 ....................................................................................................................7

In re Parmalat Sec. Litig.,
 239 F.R.D. 361 (S.D.N.Y. 2006) .....................................................................................6

In re Vitamins Antitrust Litig.,
 Misc. No. 99-197 (TFH) 2001 U.S. Dist. LEXIS 8904 (D.D.C. June 20, 2001) ............8

Lyondell-Citgo Refining, LP v. Petroleos De Venezuela, S.A., et al.,
 No. 02 Civ. 0795 (CBM) 2004 U.S. Dist. LEXIS 23581 (S.D.N.Y. Nov. 19, 2004) .....9

Minpeco, S.A. v. Conticommodity Servs., Inc.,
 116 F.R.D. 517 (S.D.N.Y. 1987) ........................................................................6-7, 9-10

Peninsula Asset Mgmt. Ltd. v. Hankook Tire Co.,
 No. 5:04-CV-1153 (HB) 2005 U.S. Dist. LEXIS 27815 (N.D. OH. Nov. 10, 2005) .. 6-7

Salerno v. Lecia, Inc.,
 No. 97-CV-73S (CEH) 1999 U.S. Dist. LEXIS 7169 (W.D.N.Y. March 23, 1999) ... 7-8

United States v. Davis,
 767 F.2d 1025 (2d Cir. 1985) ..........................................................................................7

Volkswagen, A.G. v. Valdez,
 909 S.W.2d 900 (Tex. 1995) ...........................................................................................8


**OTHER AUTHORITIES**

Rules 26 and 37 of the Federal Rules of Civil Procedure ...............................................................1

U.S. Const. Art. 1, § 8, cl. 8 ............................................................................................................5

Plaintiffs Spanski Enterprises, Inc. ("SEI") and Poltel International L.L.C. ("Poltel"), respectfully submit this memorandum of law (1) in further support of their motion, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, to compel the production of relevant documents in unredacted form from Defendant Telewizja Polska, S.A. ("TVP"), and (2) in opposition to TVP's motion for a protective order.

## PRELIMIARY STATEMENT

Faced with Plaintiffs' motion to compel the production of concededly relevant documents in unredacted form, TVP, by way of opposition, does little more to justify its behavior than to (1) <u>assume</u> that the information sought to be compelled is "private," and somehow subject to the Polish Data Protection Act ("DPL"); and (2) wrongly argue that the DPL trumps TVP's discovery obligations under U.S. law, notwithstanding that TVP contractually agreed to be bound by the procedural and substantive laws of the United States <u>and</u> voluntarily asserted counterclaims and third-party claims in this action.

It is well established that a party resisting discovery bears the burden of proving any applicable privilege. As a threshold matter, TVP has not – and cannot – establish the applicability of the DPL here. Not only is the DPL not applicable to publicly available information such as that at issue here (*e.g.*, TVP publishes the names, positions and contact information of certain of its employees on its Internet web site, and such information is disclosed in the National Polish Register in any event), but the DPL bar is wholly inapplicable, on its face, to the redacted information pursuant to the "legal claims" and "public interest" exceptions.

Even if TVP could establish the applicability of the DPL – which it has not – it is nonetheless well established that a foreign privacy law does not preclude the production of unredacted documents in connection with a United States action where, as here, such production

would not implicate any privacy concerns of the individuals named because no "private" information would be disclosed (as compared to social security numbers, bank account numbers, and/or employment or medical records), and there would be little hardship to comply with the U.S. discovery rules.

Because TVP's concealment of relevant information precludes Plaintiffs from identifying relevant witnesses, and gravely prejudices Plaintiffs' ability to conduct discovery and prepare for trial (including the defense of the counterclaims that TVP chose to bring before this Court), Plaintiffs' motion to compel should accordingly be granted and TVP's cross-motion for a protective order should be denied.

## ARGUMENT

### I.   TVP HAS FAILED TO ESTABLISH THAT THE DPL IS APPLICABLE

In opposition, TVP wrongly assumes that the DPL somehow bars TVP's production of unredacted documents in this action, apparently relying upon the "independent" and "expert" opinion of Tomasz Stawecki.  Neither TVP, or its expert (its expert is, indeed, of counsel to TVP's regular outside counsel), Mr. Stawecki, make any note that the DPL simply does not prohibit the disclosure of information that is publicly available.

Here, the information that TVP attempts to conceal from Plaintiffs (identified by TVP as "any natural persons identified in the documents produced") is publicly available in the National Polish Register, which contains information about TVP's management boards and proxies, as well as information regarding the members of TVP's supervisory boards.  See Reply Declaration of Tomasz Brudkowski ("Brudkowski Reply Decl.") at ¶ 3.

Indeed, the identity, business email addresses or phone numbers of TVP's employees is not "private" information under the DPL, as TVP's own acts well establish.

Rather, such information concerns solely the employee's professional position and the employer has the right to make this information publicly available. See Brudkowski Opening Decl. at ¶ 20. Indeed, TVP's claim that such information is "private" is more than a little disingenuous considering that TVP posts this very information publicly and world-wide on its Internet website. See Piskora Decl., Exh. B. If TVP truly believed that the dissemination of its employees' names and business contact information violated the DPL, it surely would not publicly disseminate such material, day in and day out, on the Internet.

Even if the information sought were not publicly available, exceptions to the DPL, including the public interest and legal claims exception would nonetheless be applicable. The DPL expressly provides for the transfer of personal data to a third country "if the transfer is necessary or required by reasons of public interests or for the establishment of legal claims." See Brudkowski Opening Decl., Exh. 1 (Art. 47).

TVP suggests that the legal claims exception should not apply here – indeed, should not apply to documents related to its counterclaims – because (1) any reference to the DPL legal claims exception should be read narrowly (even after an amendment to broaden Poland's interpretation of these terms) to apply only in the European Union (see Stawecki Decl. at ¶¶ 10, 15); and (2) the exception only applies if the information sought establishes a legal claim (not merely relates to a legal claim) (id. at ¶ 16). These unsupported and narrow interpretations of the legal claims exception are wholly at odds with a plain reading of the DPL, and unworkable in any event.

As a threshold matter, there is absolutely no support – and TVP proffers none – that the "legal claims" exception only applies within the European Union. Mr. Stawecki, without any support, simply asserts that when the DPL was amended to make clear that the exception

was applicable to legal claims arising outside Poland, that the broadening of the exception was intended to apply only to European Union legal claims. The DPL's clear terms, on their face, belie such a narrow application of the exception. There is nothing whatsoever in the language of the DPL that limits the exception to European Union claims, and Mr. Stawecki can not point to any court decision or other authority that supports this interpretation.

TVP's argument that the exception must be read narrowly to apply only to documents which <u>establish</u> legal claims as against defendants which have already been brought to court also fails. <u>See</u> Brudkowski Reply Decl. at ¶¶ 4-5. Here, too, TVP is wholly unable to present any legal support for its position that the exception should be read so narrowly.

Even if TVP's arguments were correct – which they are not – where, as here, claims have been raised by and against an <u>entity</u> (which can only take action through its officers, directors and employees), the exception applies because the documents and information sought to be produced <u>establish</u> claims as against the entity as they reveal the entity's employees acting in their corporate capacities. <u>See</u> Brudkowski Reply Decl. ¶¶ at 4-5. Further, the information sought to be produced in this action also concerns the three individual Defendants (current or former executives of TVP) who directed TVP's actions which are at issue here and which <u>establish</u> Plaintiffs' claims against them for contributory and vicarious copyright infringement.[1] Indeed, there can be no serious dispute that the documents at issue are relevant to the establishment of the claims and defenses in this action, as TVP never objected to their initial production in response to Plaintiffs' discovery requests.

---

[1]   Without the ability to identify the authors and recipients of the documents at issue, it will be impossible for the Court to assess the legal implications of statements and admissions made therein, or to assess the validity of the parties' respective claims and defenses.

TVP also wrongly argues that the public interest exception to the DPL does not apply, arguing that "Plaintiffs as private entities do not have any legitimate title to claim their acts are in the public interest in order to justify disclosure of information contained in the documents transferred by defendants to plaintiffs under the pre-trial discovery procedure." TVP ignores that the copyright laws of the United States serve the public interest. See U.S. Const. Art. 1, § 8, cl. 8. Similarly, the public interest is served here in the administration of justice and enforcement of the laws of the United States because unredacted documents are necessary for the Court to resolve the parties' claims in this action.

Because TVP has failed to establish any basis for the withholding (by redaction) of relevant information, Plaintiffs' motion to compel should be granted.

## II. THE POLISH CONFIDENTIALITY LAWS DO NOT PRECLUDE THE PRODUCTION OF RELEVANT INFORMATION IN CONNECTION WITH A UNITED STATES ACTION

TVP concedes, as it must, that the existence of the DPL, alone, is insufficient to preclude discovery. Rather, in determining whether to compel foreign entities to comply with discovery requests which may be prohibited by foreign privacy laws, U.S. courts must determine whether comity requires deference to the foreign law. First Am. Corp. v. Price Waterhouse LLP, 154 F.3d 16, 22 (2d. Cir. 1998). In making this determination, courts examine four factors: 1) "the competing interest of the nations whose laws are in conflict;" 2) "the hardship that compliance would impose on the party or witness from whom discovery is sought;" 3) "the importance to the litigation of the information and documents requested; and 4) the good faith of the party resisting discovery." Id. TVP, however, wrongly applies each of these factors. As set forth in Plaintiffs' moving brief, and below, each of these factors weighs in favor of disclosure here.

### A. The U.S. Has a Strong Interest in Enforcing Its Laws

The United States has an undoubtedly "substantial interest in fully and fairly adjudicating matters before its courts," which "is only possible with complete discovery." Compagnie Francaise d'Assurance Pour le Commerce Exterior v. Phillips, 105 F.R.D. 26, 30 (S.D.N.Y. 1984). The courts have held that the U.S. interest is particularly strong where, as here, a party has "resorted to the U.S. courts yet seeks to use foreign law to shield themselves ... from discovery." In re Parmalat Sec. Litig., 239 F.R.D. 361, 362-363 (S.D.N.Y. 2006); see also Minpeco, S.A. v. Conticommodity Servs., Inc., 116 F.R.D. 517, 530 (S.D.N.Y. 1987) ("[i]t might be argued with some force that [the third party witness], if it were a primary defendant, should be required to produce information plaintiffs need to make a case against [the third party witness] itself"). Here, not only did TVP agree that the parties' agreement would be governed by the laws of the United States and disputes resolved in the United States pursuant to U.S. law before the courts of the Southern District of New York, but TVP also voluntarily brought counterclaims and third party claims, thus voluntarily invoking the jurisdiction and procedures of the United States courts and laws. TVP's attempt to use Polish law to shield itself from its discovery obligations cannot be condoned.

TVP's reliance on those few cases in which courts denied discovery in light of another country's secrecy or privacy laws is wholly misplaced. The primary reason that the courts in those cases did not compel disclosure was that the information sought was possessed by a non-party.[2] See Peninsula Asset Mgmt. Ltd. v. Hankook Tire Co., No. 5:04-CV-1153 (HB) 2005 U.S. Dist. LEXIS 27815 (N.D. OH. Nov. 10, 2005) (information held by a quasi-

---

[2] The U.S. courts have recognized this important distinction because the non-party, unlike TVP here, "is not seeking to avail itself of access to U.S. courts while shielding its files from discovery." Minpeco, 116 F.R.D. 517, 527.

government entity that was not a party to the action); Minpeco, S.A., 116 F.R.D. 517 (S.D.N.Y. 1987) (information held by third party who was no longer a defendant due to a settlement agreement with plaintiff); Salerno v. Lecia, Inc., No. 97-CV-73S (CEH) 1999 U.S. Dist. LEXIS 7169 (W.D.N.Y. March 23, 1999) (information held by non-party affiliated entities).

While Plaintiffs do not dispute that Poland has an interest in preserving the privacy of its citizens,[3] that interest is simply not implicated here where the information sought concerns the acts of TVP (carried out by its agents and employees) and does not concern any private information of any Polish citizen.[4]

Here, too, TVP relies on a number of cases which, although recognizing the legitimacy of European Data Protection Acts, nonetheless are wholly inapposite to TVP's cause. In each of these cases, the information sought was much more extensive than just the identities of individuals acting in their corporate capacities.

In Salerno, for instance, the plaintiffs sought the production of employee severance package information and personnel files which would have contained a host of private information including, among other things, personal addresses, social security numbers, identification numbers, etc. In denying discovery, the court merely stated that defendant's

---

[3] TVP wrongly argues, citing Minpeco, that the potential for criminal prosecution under the DPL illustrates the importance of the DPL. Minpeco, however, held that "considerations cut against the Swiss national interest at stake in this proceeding" was that criminal proscription "remains a personal privilege that can be waived by the bank customer. In this sense, then, Swiss bank secrecy law primarily protects the right of commercial privacy of bank clients, not the Swiss government itself or some other public institution or interest." Minpeco, 116 F.R.D. 517, 525.

[4] That the Polish government, of which TVP is an agency, has not expressed any view as to the current discovery dispute further undermines TVP's argument that Poland's interest in enforcing the DPL outweighs the U.S. interest in ensuring compliance with discovery. Minpeco, 116 F.R.D. 517, 525 ("[A] foreign government's failure to express a view in such a context mitigates against a finding that strong national interests of the foreign country are at stake."); United States v. Davis, 767 F.2d 1025, 1035 (2d Cir. 1985) ("the absence of any objection by the Cayman government to the subpoena and subsequent order…is significant"); First National City Bank v. IRS, 271 F.2d 616, 620 ("[W]hen foreign governments…have considered their vital national interests threatened, they have not hesitated to make known their objections….").

interpretation of the European data protection and privacy laws seemed reasonable absent any persuasive argument by plaintiffs or authority to the contrary. Salerno, 1999 U.S. Dist. LEXIS 7169. Similarly, in Volkswagen, the Supreme Court of Texas refused to compel disclosure of a corporate telephone book (which contained not only the names and job titles of employees but also the private home numbers of individuals in management positions) because plaintiffs could obtain such information by alternate means). Volkswagen, A.G. v. Valdez, 909 S.W.2d 900 (Tex. 1995).

Finally, in In re Vitamins Antitrust Litigation, plaintiffs sought the production of personal day-timers, diaries, appointment books, schedulers, calendars, credit card statements, travel and expense logs and reports, telephone billing records, records of incoming and outgoing fax transmissions, employee home addresses, former employees' new employer identities, email addresses, and employee discharge, discipline, suspension, termination and retirement records. The court refused to compel the production of this vast array of personal information as overbroad. In re Vitamins Antitrust Litig., Misc. No. 99-197 (TFH) 2001 U.S. Dist. LEXIS 8904 (D.D.C. June 20, 2001).

Unlike the cases relied upon by TVP, Plaintiffs here only seek a narrow production of the identities of TVP's officers and employees whose names appear on corporate records (which TVP concedes are relevant to the claims at issue) because the employees were acting in their corporate, not private, capacities. As that the DPL does not even apply to shield the disclosure of such information, and because there is no alternative source from which Plaintiffs could obtain that information, Plaintiffs' motion to compel should be granted.

### B. TVP Would Not Suffer A Hardship If It Were Compelled to Produce the Redacted Information

TVP argues that it would suffer a significant hardship if it were compelled to produce the redacted information because TVP, its officers, and employees, could be exposed to criminal and civil liability. It is well established, however, that the mere possibility of criminal penalties is not sufficiently strong to impede the production of the documents in question. See Lyondell-Citgo Refining, LP v. Petroleos De Venezuela, S.A., et al., No. 02 Civ. 0795 (CBM) 2004 U.S. Dist. LEXIS 23581 at *9-10 (S.D.N.Y. Nov. 19, 2004).

Moreover, TVP was well aware of its discovery obligations for months and never undertook any steps to ensure that such information could be produced – such as seeking the consent of the individuals identified, or making an application to the Polish Personal Data Authority ("GIODO") for an exemption.

TVP's argument that the court should not compel TVP to produce the redacted information because its officer or employees, who are not adverse parties, may be criminally and civilly liable, is completely without merit. While, Plaintiffs believe that TVP's position is, in fact, an implicit concession that Plaintiffs have very strong claims in the underlying action, TVP's officers and directors are not the "neutral source of information" that the Minpeco court identified as a potential "hardship" to weigh against production.

### C. The Information Contained in the Documents is Vital to Plaintiffs' Ability to Proceed with the Litigation and the Court's Ability to Determine the Validity of the Parties' Claims and Defenses

TVP's concealment of the identities of the individuals in the documents gravely prejudices Plaintiffs' ability to prepare for trial. TVP repeatedly suggests that Plaintiffs should limit their requests to the documents they view as indispensable or of high evidentiary value. This, however, is precisely the problem. Without being able to view the authors, addressees or

anyone referred to in the documents, it is impossible for Plaintiffs to determine which documents are indispensable or of high evidentiary value.

TVP cites Minpeco for the proposition that even if the information sought is highly relevant or crucial to the litigation this does not by itself warrant an order to compel discovery in the face of a foreign law prohibiting such disclosures. In fact the court in Minpeco states, "[m]ost important among these countervailing findings, however, is the reduced degree of importance of the requested discovery in light of the waivers of bank secrecy already executed by those whom plaintiffs consider to be key players… and the discovery already taken under these waivers." Minpeco, 116 F.R.D. 517, 529. The information contained in TVP's documents is crucial for Plaintiffs ability to proceed with the litigation because Plaintiffs are not able to attain these documents from any other source and TVP has chosen not to request a waiver from the individuals referenced in the documents.

In addition to placing Plaintiffs at great disadvantage by redacting this information, TVP is also placing the court in a very difficult position. It appears that the merits of both parties' claims will primarily be determined by documentary evidence. Without the ability of the court to view the authors, addressees, and any persons mentioned in the documents, it will be nearly impossible for the court to assess the legal implications of various statements and correspondences contained in the documents, as well as the validity of the parties' claims.

### D. TVP Has Not Acted in Good Faith

As discussed above, TVP could have alleviated this situation by seeking a waiver from the individuals mentioned in the subject documents or applying to GIODO for an exemption. TVP has still not provided Plaintiffs or the Court with any indication that it has applied to GIODO for any such exemption, even though it has been promising to do so for weeks. TVP's stonewalling is a clear showing of bad faith.

## CONCLUSION

For the foregoing reasons, Plaintiffs Spanski Enterprises, Inc. and Poltel International L.L.C. respectfully request that the court issue an Order (1) compelling TVP to immediately provide Plaintiffs with documents in unredacted form; and (2) denying TVP's cross-motion for a protective order in its entirety.

Dated: New York, New York
July 24, 2007

LOEB & LOEB LLP

By: _____
Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502
John A. Piskora (JP-1224)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Plaintiffs
and Third-Party Defendants*