Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
John A. Piskora (JAP-1224)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
212-407-4000

Attorneys for Plaintiffs
and Third Party Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SPANSKI ENTERPRISES, INC. and                                :
POLTEL INTERNATIONAL L.L.C.,                                 :
                                                             :
                        Plaintiffs,                          :
                                                             :
        -against-                                            :
                                                               07 Civ 930 (GEL) (GWG)
TELEWIZJA POLSKA S.A., ANNA                                  :
MILEWSKA, KRZYSZTOF SZTANDERA,                               :  REPLY DECLARATION OF TOMASZ
MARCIN BOCHENEK, JOHN DOES 1-10,                             :  BRUDKOWSKI IN SUPPORT OF
                                                                PLAINTIFFS' MOTION TO COMPEL
                        Defendants,                          :
                                                             :
TELEWIZJA POLSKA U.S.A. INC.,                                :
TELEWIZJA POLSKA CANADA INC. and                             :
BOGUSLAW M. SPANSKI,                                         :
                                                             :
                        Third Party Defendants.              :
------------------------------------------------------------ X

I, TOMASZ BRUDKOWSKI, hereby declare as follows:

1.      I am a member of Kochanski Brudkowski and Partners, Warsaw counsel for plaintiffs Spanski Enterprises, Inc. and Poltel International L.L.C. in this action. I have personal knowledge of the matters set forth herein and respectfully submit this reply declaration in further support of plaintiffs' motion, to compel the production of information that has been redacted from defendant Telewizja Polska, S.A.'s ("TVP") document production.

NY668494.1
209881-10003

2.      Together with Mr. Daniel Wieszczycki, the privacy law expert who co-signed the previous declaration the plaintiffs submitted in the instant case, we have reviewed the declaration of Dr. Hab. Tomasz Stawecki that was submitted by defendants in support of their position that the DPL requires the redaction of all individuals' names from their document production. The purpose of this declaration is to reply to certain specific issues raised in Dr. Stawecki's declaration which we respectfully believe are in error.

**Publicly Available Information**

3.      Dr. Stawecki stated broadly that the data in question is not publicly available. This is not correct since vast majority of the information in question pertains to the identity of TVP's managers, directors, and employees, and such data is available through the public records including the National Commercial registry system that we mentioned in our prior declaration. Where the data is publicly available there is no need to protect it. It is also apparent from our review of TVP's redacted document production, that TVP has made no effort to seek consent to disclose the data that was redacted because, among other things, TVP even redacted the names of plaintiff's president, Boguslaw M. Spanski's, from its document production.

**Pursuit of Legal Claims / Establishment of Legal Claims**

4.      Despite the fact that the DPL expressly permits disclosure for the pursuit of legal claims, TVP's expert suggests that the exception covers only data about a specific defendant who has already been brought to a court (page 18 of the declaration). We strongly disagree with TVP expert's narrow interpretation of the exception set out in article 47 section 3 point 4 of the DPL. We do not think that the only situation where this exception applies is a case where a plaintiff wants to learn the data about the defendant he has already sued.

NY668494.1
209881-10003

2



The law does not support such interpretation. If the legislature had intended to limit the operation of the law strictly to such a situation it would simply state it clearly.

Moreover, given that corporations like TVP can only take actions through officers, directors and employees, this interpretation of the DPL would render the exception meaningless. If this provision worked, as TVP suggests, only with respect to a defendant which has already been sued, it would hardly be applied. It would mean that a plaintiff cannot use this exception where it wants to learn who shall be a defendant. Such interpretation would leave the plaintiff in a situation where he has a claim but may not identify a defendant because he may learn the data only where he has already learned about the defendant.

5. We are aware of no authority, case law or EU documents which support the argument by TVP and its lawyer (and they do not make reference to any), that "legal claims" should be read so artificially and so narrowly. The DPL operates with a more general term: "in pursuit of legal claims". This term is repeated after the EU Directive on which the Polish law is based. The Directive uses even more general terms: a) "the transfer is necessary or legally required […] for the establishment, exercise or defence of legal claims (article 26.1.d) or b) "in relation to a contract or a legal claim" (point 58 of the Preamble), which do not support the interpretation suggested by Dr. Stawecki. There is no logical reason for limiting this exception to such a narrow situation as suggested by Dr. Stawecki. The justification for this exception is to allow for proceeding with legal claims and it is obvious that learning the names of parties to a contract or parties making written statements is necessary for making or defending a legal claim.



Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of July 2007.

_____
TOMASZ BRUDKOWSKI

_____
DANIEL WIESZCZYCKI