UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SPANSKI ENTERPRISES, INC. and                                :
POLTEL INTERNATIONAL L.L.C.,                                 :
                                                             :
    Plaintiffs,                                             :
                                                             :
        -against-                                          :
                                                             :
TELEWIZJA POLSKA, S.A., ANNA                                 :
MILEWSKA, KRZYSZTOF SZTANDERA,                      07 CIV 930 (GEL)
MARCIN BOCHENEK, JOHN DOES 1-10,                             :
                                                                 **AFFIRMATION OF**
    Defendants and Counterclaim Plaintiffs,    :    **VASILIS F.L. PAPPAS**

        -against-

SPANSKI ENTERPRISES, INC., POLTEL
INTERNATIONAL L.L.C., TELEWIZJA
POLSKA U.S.A. INC., TELEWIZJA
POLSKA CANADA INC. and BOGUSLAW
M. SPANSKI,

    Counterclaim Defendants.
------------------------------------------------------------ X

    VASILIS F.L. PAPPAS, an attorney duly admitted to practice law before the U.S. District Court for the Southern District of New York, hereby affirms under the penalty of perjury:

    1.    I am associated with the firm of Baker & McKenzie LLP, counsel to Defendant and Counterclaim Plaintiff Telewizja Polska, S.A. ("TVP") in this action.

    2.    Annexed hereto as Exhibit A is a true and correct copy of the Stipulated Protective Order agreed to between the parties in the above-captioned litigation.

    3.    In an earlier draft of the Stipulated Protective Order, TVP suggested the following language be included:

15. Confidential information shall not be used for any purpose other than for this litigation. Confidential information shall not be used for, among other things, the purpose of identifying any new claims against persons not involved in the suit or for the purpose of asserting any claims against such persons.

4. On July 12, 2007, in a conference call between Jonathan Zavin and Christian Carbone, counsel for plaintiffs and counterclaim defendants, and myself, as counsel for TVP, Mr. Zavin stated the language quoted in paragraph 3 above was unacceptable for his clients because he did not feel the restrictions therein would be appropriate in the event the Court compelled TVP to produce unredacted documents.

5. Mr. Zavin insisted that the proposed language quoted in paragraph 3 above should be applicable only to unredacted documents produced voluntarily by TVP pursuant to a waiver of the Polish Data Protection Act by the Polish Personal Data Protection Authority, known by its Polish acronym as GIODO, and should not be applicable to any documents the Court ordered TVP to produce without redactions.

6. Consequently, the parties agreed to paragraphs 15 and 16 of the final Stipulated Protective Order, annexed hereto as Exhibit A. Paragraphs 15 and 16 of the Stipulated Protective Order now read as follows:

> 15. If Confidential information is produced voluntarily by the defendants pursuant to a waiver of the Polish Data Protection Act by Polish governmental authorities, such Confidential information shall not be used for any purpose other than for this litigation. In this circumstance, Confidential information shall not be used for, among other things, the purpose of identifying any new claims against persons, as that term is defined in the Polish Data Protection Act and relevant European Community Directives and legislation, not involved in the suit or for the purpose of asserting any claims against such persons.
>
> 16. If the defendants are compelled to produce Confidential information pursuant to an Order of the Court,

Confidential information shall only be used to the extent permitted by such an Order of the Court. Defendants expressly reserve the right to request that the Court prohibit the use of Confidential information for any purpose other than for this litigation, as set forth in greater detail in paragraph 15.

7. On July 19, 2007, following the parties' agreement to the Stipulated Protective Order, TVP applied to GIODO for permission to produce unredacted documents to plaintiffs.

8. TVP waited until the parties agreed to a Stipulated Protective Order, so that it could annex the Stipulated Protective Order to its application to GIODO, in an effort to demonstrate to GIODO that the Stipulated Protective Order would protect the confidentiality of the individuals identified in TVP's document production and thereby increase the likelihood of GIODO granting TVP permission to produce unredacted documents to plaintiffs.

9. The Stipulated Protective Order was translated into Polish following the parties' agreement to its terms, and annexed to TVP's application to GIODO.

10. Annexed hereto as Exhibit B is a true and correct copy of EC Directive 95/46/EC of the European Parliament and of the Council of October 24, 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data, obtained from the Internet.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 24, 2007.

_____
Vasilis F.L. Pappas