UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                    :
SPANSKI ENTERPRISES, INC. and                       :
POLTEL INTERNATIONAL L.L.C.,                       :

    Plaintiffs,                                                  :

        -against-                                             :

TELEWIZJA POLSKA, S.A., ANNA              :
MILEWSKA, KRZYSZTOF SZTANDERA,            07 CIV 930 (GEL)
MARCIN BOCHENEK, JOHN DOES 1-10,   :

    Defendants and Counterclaim Plaintiffs,   :

        -against-                                                 **STIPULATED PROTECTIVE ORDER**

SPANSKI ENTERPRISES, INC., POLTEL
INTERNATIONAL L.L.C., TELEWIZJA
POLSKA U.S.A. INC., TELEWIZJA
POLSKA CANADA INC. and BOGUSLAW
M. SPANSKI,

    Counterclaim Defendants.
-----------------------------------------------------------X



        WHEREAS, the parties to the above-captioned litigation (hereinafter, the "Parties") agreed to and the Court entered a Stipulated Protective Order to protect the confidentiality of non-public and sensitive financial and other information that may need to be disclosed to adversary Parties in connection with discovery in this action on August 1, 2007;

        WHEREAS, the Parties have recognized and agreed that this lawsuit may require that third parties (hereinafter "Third Parties"), pursuant to subpoenas issued to such Third Parties, disclose to the Parties non-public and sensitive financial and other information considered by such disclosing Third Parties to be confidential;

WHEREAS, the Parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation and therefore wish to agree on a reasonable means of protecting confidential information disclosed to the Parties by Third Parties; and

WHEREAS, good cause exists for entry of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. A Third Party may designate all or portions of any deposition transcript, information, materials or documents produced or furnished by that Third Party pursuant to discovery or otherwise during the course of this litigation as "Confidential."

2. A designation of "Confidential" shall constitute a representation by the Third Party and/or its counsel that they, in good faith, believe that the material so designated contains or constitutes at the time of the designation: (a) personally or financially sensitive information and/or other information of a non-public nature considered by the producing Third Party to be sensitive, confidential and/or proprietary; or (b) other competitively sensitive or proprietary marketing, financial or commercial information.

3. Any document or transcript or portion thereof, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any producing Third Party deems to contain Confidential information shall be labeled by such producing Third Party on each document or on such physical object with the designation "Confidential." In lieu of marking this notation on the originals of documents, the producing Third Party may mark the copies that are produced. All Confidential information not reduced to documentary,

tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential information. Data produced in electronic form may be designated as Confidential information if the supplying Third Party identifies the applicable designation to be assigned to each electronic file.

4. Confidential information may be used only in connection with the prosecution or defense of the above-captioned action and shall not be used for any other purpose whatsoever. Except to the extent it is disclosed at any stage of this action in open court or by any decision rendered by the Court, all Confidential information shall be kept by the Parties in this case in a confidential manner, and shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 5 hereof.

5. The following persons shall be the only persons (hereinafter "Qualified Persons") who will be permitted to have access to Confidential information:

    A. Counsel for the Parties in this case, including both outside and in-house counsel and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks;

    B. Each individual who is a Party, and any director or officer of a Party;

    C. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

    D. Any third-party witness in preparation for their deposition or testimony at trial or a hearing in this litigation;

      E.     As to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

      F.     Certified translators or experts retained regarding translations.

      G.     The Court and its personnel; and

      H.     Court reporters or stenographers.

6.    All persons receiving any Confidential information under paragraphs 5(c), (d) or (f) shall sign Non-Disclosure Acknowledgments in the form annexed as an Exhibit hereto. Counsel for each Party shall maintain copies of all such Non-Disclosure Acknowledgments.

7.    A Third Party may designate some or all of the transcript of a deposition as Confidential by indicating on the record at the deposition that the testimony contains or reflects Confidential information or by notifying all Parties in writing, within 10 days of receipt of the transcript, of the specific pages and lines of the transcript which are Confidential. Each deposition shall be treated as Confidential information for a period of 10 days after a full and complete transcription of such deposition is available.

8.    A receiving Party's agreement to treat designated material as Confidential shall not be construed as an admission or agreement by that Party that the designated information is properly designated as Confidential. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of Confidential information, the Parties shall follow the procedure outlined in paragraph 11.

9.    In the event that a Party or Third Party inadvertently fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, that Party or Third Party may thereafter as soon as practicable designate the document or other

information as Confidential. The Party receiving such subsequent designation shall use reasonable efforts to comply with the new designation by, among other things, immediately giving notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, and attempting to retrieve all copies of the documents or information distributed to persons other than Qualified Persons. The documents or information newly designated shall be subject to the provisions of this Stipulated Protective Order. Moreover, the Party receiving a subsequent designation shall undertake to procure that each person to whom the previously undesignated document or other information has been disclosed in the interim, keeps the content of such documents or such other information confidential and will not disclose it to persons other than Qualified Persons.

10. Within sixty (60) days after the final conclusion of this litigation, including all appeals, the Parties shall destroy all originals and/or copies of each document or object that a Third Party has designated as Confidential, and shall provide the Third Party a letter from counsel confirming the destruction; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain or describe Confidential Information. In the alternative, the Confidential information may be returned to the Third Party that designated it as Confidential.

11. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of Confidential information by a Third Party, the Party shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party may apply to the Court for an order determining whether the information is "Confidential." The Party opposing the "Confidential" designation shall

not oppose a motion by the producing Third Party to have the information at issue filed with the Court under seal in order for the Court to resolve the matter. Pending the resolution of any such dispute, the Parties agree to treat the information that is the subject of the dispute as designated by the supplying Third Party.

12. Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Third Party that designated the information as Confidential consents to such disclosure, or if the Court, after notice to all affected Third Parties, orders such disclosure.

13. If any person possessing Confidential information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential information, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Third Party that produced the Confidential information and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

14. The Parties shall ensure that any material containing Confidential information will be stored in a safe and secure manner which will protect against misuse, alteration or access of persons other than Qualified Persons.

15. This Stipulated Protective Order shall only apply to pretrial proceedings and discovery and shall not affect the conduct of the trial. This Stipulated Protective Order shall not govern the treatment of information, materials or documents designated as Confidential at trial. Such treatment shall be subject to subsequent Order of the Court.

16. The provisions of this Stipulated Protective Order are in addition to those in the Stipulated Protective Order executed between the Parties and entered by the Court on August 1, 2007 and do not in any way modify or supersede the August 1, 2007 Stipulated Protective Order.

17. The entry of this Stipulated Protective Order does not prevent any party from seeking a further order of this Court pursuant to the Federal Rules of Civil Procedure and/or the Local Rules.

18. This Stipulated Protective Order may be executed by each Party separately.

19. This Stipulated Protective Order shall continue in force until amended or superseded by express Order of the Court, and shall survive any final judgment or settlement in this action.

| Dated: New York, New York<br>November 20, 2007 | LOEB & LOEB LLP<br><br>By: _____<br>Jonathan Zavin<br>John A. Piskora<br>345 Park Avenue<br>New York, New York 10154<br>(212) 407-4000<br>(212) 407-4990 FAX<br><br>*Attorneys for Plaintiffs and Counterclaim Defendants* |
|---|---|

| Dated: New York, New York<br>November __, 2007 | BAKER & McKENZIE LLP<br><br>By: _____ Jacobs / per v.P.<br>James D. Jacobs<br>1114 Avenue of the Americas<br>New York, New York 10036<br>(212) 626-4100<br>(212) 310-1711<br><br>*Attorneys for Defendants and Counterclaim Plaintiffs* |
|---|---|

SO ORDERED:

*[signature]*
4/26/07

## NON-DISCLOSURE ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order, has had an opportunity to review it, and is fully familiar with all of its terms. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Stipulated Protective Order.

Print name: _____

Address: _____

_____

_____

Date signed: _____