UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SPANSKI ENTERPRISES, INC., et al.,             :
:
                Plaintiffs,             :
:     07 Civ. 930 (GEL)
  -against-                                                    :
:     **OPINION AND ORDER**
TELEWIZJA POLSKA, S.A., et al.,                 :
:
                Defendants.            :
:
------------------------------------------------------------x

Jonathan Zavin, John A. Piskora, Loeb &
Loeb L.L.P., New York, NY, for plaintiffs.

Richard L. Mattiaccio, Steven Skulnik,
Rebecca W. Haverstick, Squire, Sanders
& Dempsey L.L.P., New York, NY,
for defendants.

GERARD E. LYNCH, Circuit Judge:[1]

       Plaintiffs and counterclaim/third-party defendants Spanski Enterprises, Inc., et al., (collectively, "SEI") move for discovery sanctions against defendant Telewizja Polska, S.A. ("TVP"). SEI claims that TVP failed to provide deposition witnesses with sufficient knowledge to fulfill TVP's obligations under Rule 30(b)(6) of the Federal Rules of Civil Procedure and asks the Court to impose sanctions of $372,236.35, the amount it expended deposing these witnesses and two-thirds of the amount it expended in preparing and filing a summary judgment motion, as well as any additional fees and expenses it incurred moving for discovery sanctions. For the reasons set forth below, SEI's motion will be granted in part, and SEI will be awarded its

---

[1] The Honorable Gerard E. Lynch, United States Court of Appeals for the Second Circuit, sitting by designation.

expenses in deposing the useless witnesses provided by TVP, as well as its expenses in preparing and filing this motion. However, SEI will be awarded a smaller portion of its fees and expenses in moving for summary judgment.

## BACKGROUND

The facts of this case are well known to the parties and are set forth in the Court's previous opinion, Spanski Enters., Inc. v. Telewizja Polska, S.A., No. 07 Civ. 930, 2007 WL 1187870, at *1-2 (S.D.N.Y. Apr. 23, 2007). Accordingly, they will be recited only in brief. On February 8, 2007, SEI initiated this action to enforce its rights under a 1994 agreement, under which SEI was to distribute Polish-language television programming produced by TVP. Although the parties brought a number of claims against one another, their dispute centered on the interpretation of the 1994 distribution agreement, as well as the agreement's subsequent amendments.

The parties began discovery in the spring of 2007. On July 3, 2007, SEI served TVP with a Rule 30(b)(6) deposition notice, seeking testimony, inter alia, as to TVP's negotiation, understanding, and performance of the distribution agreement and its later amendments. (Pl. Ex. 5.) In response, TVP produced Piotr Dmochowski-Lipski as its corporate representative and asserted that he was competent to testify as to the negotiation and performance of the 1994 agreement. (Dmochowski-Lipski Dep. 9.) At the time of the deposition, Dmochowski-Lipski had been employed by TVP for approximately 18 months. (Id. 14.) In his deposition, Dmochowski-Lipski expressed near-complete ignorance of the facts and circumstances surrounding the negotiation of the 1994 agreement and its subsequent amendments, and admitted that he had not discussed the agreements with anyone at TVP who had personal knowledge of

them.  (Id. 67-70.)  Dmochowski-Lipski's only discussions of the agreements in question in preparation for the deposition were with TVP's counsel.  (Id. 37-40.)

On December 20, 2007, TVP amended its counterclaims against SEI.  Subsequently, SEI again demanded a Rule 30(b)(6) deposition seeking information concerning the factual basis for TVP's new counterclaims, as well as additional information concerning the topics of its previous Rule 30(b)(6) request.  In response, TVP produced Joanna Skierska, who had been employed by TVP for less than one year.  (Skierska Dep. 23.)  Skierska, like Dmochowski-Lipski, had no personal knowledge concerning the subjects of the deposition, and had not discussed the topics for which she was TVP's representative with anyone other than TVP's attorneys.  (Id. 33, 36.)

In due course, SEI moved for summary judgment.  In support of its motion, SEI submitted declarations from its principal, Boguslaw Spanski, testifying to his understanding of the meaning of the distribution agreements and to the parties' performance of them.  SEI also submitted the declarations of two former TVP employees, who had been involved on behalf of TVP in the negotiation and early performance of the agreements, Adam Brodziak and Bronislaw A. Borkowski, whose testimony substantially corroborated Spanski's.  In opposition, TVP submitted the declarations of two current TVP employees, Antoni Bartkiewicz and Jerzy Romanski.  Bartkiewicz oversaw the implementation of the distribution agreements for TVP. (Decl. of A. Bartkiewicz ¶ 3, 6).  Romanski had negotiated the original distribution agreement on TVP's behalf.  (Decl. of J. Romanski ¶ 3.)  Neither of these witnesses had been deposed by SEI, and both presented views the distribution agreements that conflicted with those of SEI's witnesses.

On March 16, 2009, the Court held a hearing on SEI's motion for summary judgment. At the conclusion of the hearing, the Court ruled that the original contract between SEI and TVP was ambiguous, and that extrinsic evidence concerning its meaning was therefore admissible. Because the declarations of Bartkiewicz and Romanski created material fact disputes concerning the meaning of the contract, the Court denied SEI's motion as to all of its claims related to it.

On June 2, 2009, SEI moved for sanctions against TVP for its failure to produce Romanski, Bartkiewicz, or other similarly knowledgeable deponents in response to its discovery requests pursuant to Rule 30(b)(6). On August 20, 2009, the parties notified the court by letter that they settled their underlying dispute. This motion for discovery sanctions, however, is still pending.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to impose disciplinary measures for intentional misconduct or grossly negligent behavior during discovery. Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Intern. Union, 212 F.R.D. 178, 219 (S.D.N.Y. 2003). The Court has broad discretion in assessing sanctions, based on all the facts of the case. AAIpharma Inc. v. Kremers Urban Dev. Co., No. 02 Civ. 9628, 2006 WL 3096026, at *3 (S.D.N.Y. Oct. 31, 2006). Any discovery sanctions imposed by a court, however, must be just and commensurate with the failure to comply. Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 508 (S.D.N.Y. 1993). Rule 37(b)(2) specifically instructs that in order to avoid paying the expenses caused by its failure, a noncompliant party must show that its failure was justified or that special circumstances make an

award of expenses unjust.  Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) (per curiam).[2]

In the case at hand, TVP failed to fulfill its obligations under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which allows a party to direct a discovery subpoena to an entity rather than to a named individual.  According to this rule, when a party seeking to depose a corporation or other organization announces the subject matter of the proposed deposition, that organization must produce someone familiar with that subject, who is able "to give complete, knowledgeable and binding answers" on its behalf.  Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 268 (2d Cir. 1999) (internal quotations omitted).  When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose sanctions.  Id.  However, in order for the court to impose sanctions, the inadequacies in a deponent's testimony must be egregious.  Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007).

In seeking discovery from TVP, SEI served two "Notice[s] of Rule 30(b)(6) Depositions," which made clear that SEI sought information concerning TVP's understanding of and performance of the distribution agreements.  To comply with SEI's demands under Rule 30(b)(6), TVP was required to put forward corporate representatives who were familiar with these topics either from personal knowledge or by informing themselves through inquiry of other corporate agents with knowledge.  TVP produced only Dmochowski-Lipski and Skierska, witnesses who not only lacked personal knowledge of the contracts but who had also failed to adequately familiarize themselves with them by appropriate inquiry.

---

[2] In addition to its powers under Rule 37(b), the Court has the inherent power to impose sanctions upon a finding of bad faith.  AAIpharma Inc., 2006 WL 3096026, at *3.  As the Court does not find bad faith here, Rule 37(b) provides the rule of decision in this case.

Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice. Gucci Am., Inc. v. Exclusive Imports Intern., No. 99 Civ. 11490, 2002 WL 1870293, at *8 (S.D.N.Y. Aug. 13, 2002). If they do not possess such personal knowledge, however, the corporation is obligated to prepare them so that they may give knowledgeable answers. Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., No. 01 Civ. 3016 (AGS) (HB), 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002). TVP failed to fulfill this duty. Moreover, having reviewed the deposition testimonies of Skierska and Dmochowski-Lipski, the Court finds their lack of knowledge concerning the distribution agreements to be egregious and worthy of sanction. The failure is particularly egregious given that, when it suited TVP's interest to do so, it was able to produce declarations from Bartkiewicz and Romanski, who did purport to have personal knowledge of the facts in issue.

TVP argues that its failure to comply with its obligations under Rule 30(b)(6) is excused by the fact that SEI knew of Bartkiewicz's and Romanski's existence and could have chosen to depose either of them. This argument is unpersuasive. TVP was not obligated to produce Bartkiewicz or Romanski in response to SEI's Rule 30(b)(6) notice, and SEI does seek sanctions on account of TVP's failure to produce these particular witnesses. Rule 30(b)(6) depositions by their nature are not directed towards any particular person. Rather, TVP failed in its discovery obligations by not providing *any* deponent with knowledge of the matters of which SEI gave notice.

Nor was SEI required to identify or locate Bartkiewicz or Romanski and seek their testimony. TVP speculates that SEI failed to depose Bartkiewicz or Romanski because it knew they would provide testimony that contradicted SEI's. TVP's speculation is beside the point. If

TVP had provided knowledgeable deponents, or deponents who had informed themselves about the subject matter in question by talking to Bartkiewicz, Romanski, or others with knowledge, SEI would presumably have uncovered the information provided by Bartkiewicz and Romanski in their declarations.

Since TVP failed to provide appropriate Rule 30(b)(6) witnesses, and has not established any justification or excuse for its dereliction, sanctions are appropriate.  Because the parties have settled their underlying dispute, non-monetary sanctions – for instance, the preclusion of Romanski's and Bartkiewicz's testimony – would be meaningless.  The Court must therefore assess an appropriate monetary sanction.  In determining an appropriate sanction, the Court must consider "the degree of fault of the party against whom sanctions are sought and the extent of prejudice to the moving party."  Anthropologie, Inc. v. Forever 21, Inc., No. 07 Civ. 7873 (RJS) (MHD), 2009 WL 690126, at *3 (S.D.N.Y. Mar. 13, 2009).  TVP's failure to provide knowledgeable deponents was egregious, but SEI has not established that this failure was willful rather than grossly negligent.  Moreover, SEI suffered prejudice as a result of TVP's dereliction of its discovery duties: it spent time and money preparing for and conducting depositions of witnesses whose testimony was useless.  The Court finds that, in light of all the circumstances, it is appropriate for TVP to reimburse SEI for its expenses and attorneys' fees incurred in connection with these depositions.  As demonstrated by documents provided to the Court by SEI, that amount totals $54,991.17 (representing counsel fees of $43,310.97 plus deposition expenses of $11,680.20).

SEI argues that it was further prejudiced in that it moved for summary judgment under the false impression its evidence regarding the meaning of the distribution agreements was

uncontradicted.  If TVP had produced knowledgeable Rule 30(b)(6) deponents, SEI argues, it would have dispensed with its summary judgment motion and proceeded directly to trial.  For this reason, SEI contends that it should be entitled to recover a large portion of its expenses related to its summary judgment motion.

SEI overstates the prejudice it suffered.  First of all, the billing records submitted by SEI demonstrate that it began work on a summary judgment motion shortly after Dmochowski-Lipski's deposition and before Skierska's.  At the very least, this indicates that SEI contemplated filing a summary judgment motion before it knew who would appear as TVP's second Rule 30(b)(6) witness or what that witness would say.  Second, many of the expenses for which SEI now seeks reimbursement, such as for researching case law or for preparing declarations of its own witnesses, are substantially similar to expenses it would have incurred preparing for trial even if it had forgone a summary judgment motion.  Lastly, SEI's motion was only partially based on evidence to which the Rule 30(b)(6) discovery was relevant.  SEI also raised numerous other issues, such as whether TVP breached a forum selection clause by commencing arbitration in Poland, on which Rule 30(b)(6) depositions were not specifically sought and to which Dmochowski-Lipski's and Skierska's depositions had little relevance.

Nonetheless, while it is impossible to say how SEI would have crafted its motion for summary judgment had it known the full extent of the evidence in the hands of its adversary, SEI's briefs rested heavily on extensive evidence regarding the negotiation history and TVP's past performance under the distribution agreements, in support of its argument that the terms of that agreements should be interpreted in light of the course of dealings between the two parties.  On these matters, SEI thought that it had uncontroverted evidence in the declarations of Spanski

and of former TVP employees Borkowski and Brodziak. Had SEI been fully informed concerning the evidence available to TVP, it might have forgone these arguments, limited its motion to fewer issues, and incurred significantly lower expenses. Because the precise monetary cost imposed on SEI by TVP's discovery abuses cannot be accurately reckoned, the Court orders TVP to reimburse SEI for 15 percent of the fees and costs incurred in preparing its motion for summary judgment. This amount reflects a reasonable estimate of the resources wasted by SEI as a result of TVP's failure to produce adequately knowledgeable Rule 30(b)(6) witnesses. See CSI Inv. Partners II, L.P. v. Cendant Corp., 507 F. Supp. 2d 384, 437 (S.D.N.Y. 2007) (estimating the amount of legal fees to award as sanction pursuant to Rule 37 where the amount expended by the non-offending party could not be accurately measured). Based on the billing records provided to the Court by SEI, that amount totals $70,097.31 (representing 15% of counsel fees of $465,069.00 plus expenses of $2,246.37).

## CONCLUSION

For the reasons set forth above, SEI's motion for sanctions is granted to the extent that TVP is directed to pay to it $125,088.48. In addition, TVP shall pay to SEI its expenses and reasonable attorneys' fees incurred in preparing and filing its motion for Rule 37 sanctions. SEI should submit an itemization of its expenses along with appropriate documentation by October 27, 2009. TVP will have until November 10, 2009 to file any objection to SEI's submission.

SO ORDERED.

Dated: New York, New York
       October 13, 2009

_____
GERARD E. LYNCH
United States Circuit Judge